JAMES, Appellant, vs. THE CITY OF DARLINGTON and another, Respondents.

*February 8 — February 28, 1888.*

*Cities: Vacating streets.*

Where the common council of a city is authorized to vacate or discontinue streets it must proceed, if the charter does not otherwise provide, in the manner prescribed by sec. 904, R. S.   R. S. sec. 927.

APPEAL from the Circuit Court for *La Fayette* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Orton & Osborn,* and oral argument by *Mr. P. A. Orton.*

For the respondents there was a brief by *R. J. Wilson,* attorney, and *H. C. Martin,* of counsel, and oral argument by *Mr. Wilson.*

ORTON, J. The plaintiff is the owner of parts of two blocks, contiguous to Louisa street in said city, used for a

lumber yard which is accessible to Main street, the princi-
pal business street, and other parts of said city, by said
Louisa street, and the use of said street is essential to the busi-
ness of said lumber yard and the profitable use of said
premises. The *Chicago, Milwaukee & St. Paul Railway
Company*, the other defendant, owns a right of way diag-
onally across said Louisa street and near said premises.
The common council of said city passed an ordinance, with-
out any previous petition or notice, vacating and discon-
tinuing that part of said street occupied by said company's
right of way, in order to allow said company to build a
depot building therein, and close up and permanently ob-
struct said street at that point. The plaintiff obtained an
injunction restraining said city, its officers, and certain
persons, from closing, vacating, or discontinuing said street,
and restraining said railroad company from shutting up,
closing, or permanently obstructing said street at that point,
and from building a depot within the limits of said street.
On the motion of the defendants the circuit court vacated
said injunction, and this appeal is taken from said order.

The only question in the case is whether said ordinance
is valid and effectual to vacate Louisa street at that point.
Subd. 26, sec. 1, ch. 6, City Charter, contained in ch. 30,
Laws of 1877, gives the common council the following gen-
eral power: "To make, open, keep in repair, grade, im-
prove, lay out, alter, widen, *vacate*, or *discontinue* streets,
avenues," etc. The learned counsel of the respondents con-
tend that this power is general and unlimited, and vests the
common council with the fullest discretion as to the manner
in which it may be exercised, and that by a mere ordinance
is the usual and proper manner of exercising such a power.
The contention of the learned counsel of the appellant is
that such power is to be exercised in the manner provided
by sec. 904, R. S., which reads as follows: "Upon the
petition in writing of all the owners of lots or land on any

street or alley in such village, *and not otherwise*, the board of trustees may discontinue such street or alley, or any part thereof. At least one week before acting on such petition the board shall cause a written or printed notice to be posted in three public places in such village, stating when the petition will be acted on, and what street or alley or part thereof is proposed to be vacated." This section, by its terms, only refers to villages, and not to cities. The sections preceding it and including section 895 provide that village boards, "whenever they shall intend to lay out, open, change, widen, or extend streets, lanes, alleys, public grounds, square, or other place, to construct and open, alter, enlarge, or extend drains, canals, or sewers, or alter, widen, or straighten watercourses, or to take grounds for the use or improvement of a harbor," shall proceed in a certain manner specfiically pointed out; and then follows sec. 904, providing the manner for *vacating* streets, alleys, etc. This is plain enough,— whenever a village board intends to do any of these things, it must proceed as here directed. It will be observed that among the things specified in sec. 895 vacating streets, alleys, etc., is not mentioned, and that is left to be provided for in sec. 904. Now, the question is, and the only question, Are cities, when not otherwise provided in their charters, to proceed in the same manner to do these same things? Sec. 927 provides that " the trustees of every village and the *common council of every city* may exercise all the powers conferred on village boards by sections 895 to *904 inclusive*, and proceed in the manner therein prescribed " to do the same things specified in sec. 895, and leaves out, the same as that section, the vacation of streets, which is provided for alone in sec. 904. The contention of the learned counsel of the respondents is that because in sec. 927, which extends these provisions to cities, the *vacation* of streets is not mentioned specifically, it was the intention of the legislature not to include the vacation of streets, and

that the language "to 904 inclusive," must be a mistake, or have some other meaning. But it might as well be said that because sec. 895 does not include vacating streets, and it is only mentioned and provided for in sec. 904, *that* must be a mistake or mean something else than to give village boards such power. The language and the things to be done are the same in sections 895 and 927. It follows conclusively that the common council of cities, when their charters do not otherwise provide, must proceed to do all of these things, including the vacation or discontinuance of streets, in the same manner as village boards were required to proceed in sections 895 to 904 inclusive. This could not be made plainer by referring to any other sections. But the learned counsel of the appellant has referred to sec. 4986, R. S., as supporting this view. That section provides that the general statutes (Revised Statutes) "shall apply to and be in force in each and every *city* and village in the state, so far as the same are applicable and not inconsistent with the charter of any such city or village." It seems that most of the charters of cities and villages in this state contain directions how to proceed, and prescribe the manner in which it shall be done, to vacate streets, and many of them in the language of sec. 904. The charter of the city of *Darlington* would seem to be peculiar in making no such provision, and leaving the matter to be governed by the general law. It is significant that the same provision as to vacating streets was contained in the charter of the *village* of Darlington. Could there then have been any doubt that it would have to be done in the manner provided in sec. 904? There is as little doubt that the city must proceed in the same way. There must be a petition in writing of all the owners of lots or land on any street or part of street to be vacated presented to the common council before they proceed to do anything about it, and then the proper notice must be posted up of the time when said petition would be

acted on. Such a petition is necessary to give the council any jurisdiction of the matter, and without it their proceedings would be void, as it was in this case. The injunction should have been continued, and it was obvious error to vacate it.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to rescind the order vacating, or to continue said preliminary injunction.