# CASES DETERMINED

## *August Term, 1898.*

BAINES, Appellant, *vs.* THE CITY OF JANESVILLE and another, Respondents.

*May 9 — September 20, 1898.*

*Municipal corporations: Discontinuance of streets: Variance between general laws and charter provisions: Amendment and repeal of statutes.*

1. By sec. 904, R. S. 1878, village boards were authorized to discontinue any street or alley, or any part thereof, upon petition of all the owners of lots or lands on such street or alley, "*and not otherwise.*" Sec. 927 provided that "the common council of every city may exercise all the powers conferred on village boards by sections 895–904." The language of sec. 904 was incorporated into the city charter of Janesville (sec. 6, subch. VII, ch. 221, Laws of 1882), except that the words "city" and "common council" were substituted for "village" and "board of trustees." *Held,* that the city of Janesville was thereby taken completely out from under the general statutes mentioned, so far as discontinuing or vacating any street or alley, or any part thereof, was concerned.

2. By ch. 174, Laws of 1891, sec. 904, R. S. 1878, was amended so as to authorize village boards to discontinue streets and alleys upon petition of a part only of the owners of lands thereon; and ch. 118, Laws of 1895, provided that sec. 927, R. S. 1878, be amended by inserting certain words therein, "so that said section, when amended, shall read as follows: " — reciting the section at length. Construing these acts in the light of the statutory rules of construction (secs. 4986, 4987, R. S. 1878), and of sec. 46, subch. XII of the Janesville charter (providing that "no general law of this state contravening the provisions of" said charter "shall be considered as re-

pealing, amending or modifying the same unless such purpose be expressly set forth in said law "), it is *held* that there is nothing in either of them evincing an intention to modify or repeal the provision of the charter in respect to discontinuing streets or alleys, and hence that they did not have that effect. The recital or re-enactment, in ch. 118, Laws of 1895, of sec. 927 as amended, merely continued in force the provisions re-enacted, and did not give any new significance to the words "common council of every city," so as to make the amended section 904 applicable to the city of Janesville.

3. One legislature has no power to bind a subsequent legislature as to the form of expression to be used in repealing or modifying a prior statute.

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

For the appellant there were briefs by *Sutherland & Nolan,* attorneys, and *Dunwiddie & Wheeler,* of counsel, and oral argument by *B. F. Dunwiddie* and *T. S. Nolan.* They argued, among other things, that it was the intention of the legislature, when it enacted sec. 6, subch. VII, of the charter, to make the procedure therein laid down a special procedure for the city of *Janesville,* and exclusive of the general statute. It is a later act and a special act, and the intent to take the city out from under the provisions of sec. 927, R. S. 1878, is clearly expressed. *Gloversville v. Howell,* 70 N. Y. 287; *Brandt v. Milwaukee,* 69 Wis. 386; *Crane v. Reeder,* 22 Mich. 322, and cases cited; *State v. Kelley,* 34 N. J. Law, 75; *State ex rel. Lum v. Archibald,* 43 Minn. 328; *State ex rel. Childs v. Routh,* 61 id. 205; 23 Am. & Eng. Ency. of Law, 479; *Korah v. Ottawa,* 83 Am. Dec. 255. The amendment of sec. 904 by ch. 174, Laws of 1891, neither amends the provisions of the city charter, nor the provisions of sec. 927, and the latter section is in no wise affected thereby. *Turney v. Wilton,* 36 Ill. 385, 393; *Flanders v. Merrimack,* 48 Wis. 576; *Knapp v. Brooklyn,* 97 N. Y. 520; *Comm. v. Kendall,* 144 Mass. 357; *Culver v. People ex rel. Kochersperger,* 161 Ill. 89; *In re Comm'rs of Lunatic Asylum: Ex parte Ross-*

*more*, 8 Ir. Rep. Eq. 366; *Clarke v. Bradlaugh*, 8 Q. B. Div. 63; *Sika v. C. & N. W. R. Co.* 21 Wis. 370; *People v. Clunie*, 70 Cal. 504. It follows, therefore, that it is to the provisions of sec. 904, R. S. 1878, *at the time of the adoption of sec. 927*, that we must resort to ascertain the procedure to be followed in the vacation of streets under the authority conferred by sec. 927, and not to its amended provisions as found in ch. 174, Laws of 1891, unless ch. 118, Laws of 1895, amending sec. 927, makes sec. 904 in its amended form applicable.

*F. C. Burpee*, city attorney, and *Wm. Ruger*, of counsel, for the respondent city of *Janesville*, contended, *inter alia*, that in *Dietz v. Neenah*, 91 Wis. 422, decided more than four years after sec. 904 was in its present form, it was taken for granted that secs. 895–904 as then existing were applicable to the city of Neenah. See, also, *James v. Darlington*, 71 Wis. 173; *Raymond v. Sheboygan*, 76 id. 335; *Johnson v. Milwaukee*, 88 id. 386; *Boyd v. Milwaukee*, 92 id. 456.

For the respondent *Chicago & Northwestern Railway Company* there was a brief by *Fish, Cary, Upham & Black*, and oral argument by *R. N. McMynn*. To the point that sec. 904, R. S. 1878, as amended, was made in its new form applicable to the city of *Janesville*, and operated to repeal so much of the charter of said city as was inconsistent therewith, they cited *Kellogg v. Oshkosh*, 14 Wis. 623; *Brightman v. Kirner*, 22 id. 54, 59, 60; *Raymond v. Sheboygan*, 76 id. 335; *Johnson v. Milwaukee*, 88 id. 386; *Boyd v. Milwaukee*, 92 id. 456.

The following opinion was filed May 24, 1898:

CASSODAY, C. J. It appears from the record that August 31, 1897, application was made by petition in writing to the common council of the city for the vacation of all those parts of Wall street and Marion street, in Mitchell's addition to *Janesville*, according to the recorded plat thereof, which are situated between a right line drawn from a point

in the south line of lot 6, in said addition, 145 feet westerly from the southeast corner of said lot, to the northwest corner of lot 4, in said addition, and a right line drawn diagonally across said street from the northeast corner of lot 3, in said addition, to a point in the south line of lot 7, in said addition, thirty-four and one-half feet easterly from the southwest corner of said lot 7; that such petition was signed by all the owners of lots and lands on the portions of the streets so proposed to be vacated, but only by two thirds of the owners of lots and lands on the remainder of such streets; that upon due notice having been given that such application would be acted upon by the common council September 15, 1897, and in pursuance thereof, the mayor and common council of the city of *Janesville* did, on that day, resolve and order that all of that part of Wall street and all of that part of Marion street, described, be, and each such part of each of said streets was thereby declared, vacated and discontinued, and it was therein further ordered that the city clerk cause such resolution and order, and the map showing the location of the parts of said streets thereby vacated, to be recorded; that November 17, 1897, the plaintiff, who owned considerable real estate abutting on a portion of said Wall street not so described, and who did not sign such petition, commenced this action, alleging more fully and in detail the facts stated, and prayed judgment, as well on his own behalf as on behalf of all others interested, that the defendants, and each and every of them, be forever restrained from vacating the portions of said streets mentioned, and from stopping, obstructing, or interfering with the same; that, upon the hearing of such application for an injunction against the defendants and each of them, it was ordered by the court that the same be, and the same was thereby, denied. From that order the plaintiff brings this appeal.

By the Revised Statutes of 1878 it was provided that, "upon the petition in writing of all the owners of lots or

land on any street or alley in such village, and not otherwise, the board of trustees may discontinue such street or alley or any part thereof." R. S. sec. 904. "The board of trustees of every such village, and the common council of *every city*, may exercise all the powers conferred on village boards by sections 895 to 904 inclusive, and proceed in the manner therein prescribed, to lay out and open, change, widen or extend, any street, lane, alley, public ground, square or other place, or to construct or open, alter, enlarge or extend any drain, canal or sewer, or alter, widen or straighten any watercourse, or take ground for (any street, lane, alley, public ground, square or other place, or for sewers or drainage purposes, or for) the use or improvement of a harbor, as well as by the provisions of their respective charters; and the provisions of the sections aforesaid shall be taken as applicable to such villages and cities." R. S. 1878, sec. 927. The words in parentheses were inserted by ch. 118, Laws of 1895, and their effect upon the question here involved will be considered later. "All the laws contained in these revised statutes shall apply to and be in force in each and every city and village in the state so far as the same are applicable, and *not inconsistent with the charter of any such city or village;* but when the provisions of any such charter are at variance with the provisions of these revised statutes, the provisions of such charters shall prevail, unless a different intention be plainly manifested." R. S. 1878, sec. 4986.

Such were the general provisions of the statutes pertinent to the facts stated when the charter of *Janesville* and its amendments were consolidated and amended by ch. 221, Laws of 1882. By sec. 6 of subch. VII of that act, the language of sec. 904, R. S. 1878, quoted, was incorporated into the city charter, except that the word "village" was changed to "city," and the words "board of trustees" to "*common council;*" and then, by sec. 46 of subch. XII of the same act, it was provided that "no general law of this state contra-

vening the provisions of this act shall be considered as re-
pealing, amending or modifying the same, unless such purpose
be expressly set forth in said law." Notwithstanding the
similarity of the language contained in sec. 904, R. S. 1878,
and sec. 6 of subch. VII of the charter, yet, upon well-rec-
ognized rules of construction, it must be admitted that, by
the charter provisions mentioned, the city of *Janesville* was
taken completely out from under the general statutes quoted,
so far as discontinuing or vacating any "street or alley, or
any part thereof," was concerned. The provisions of the
charter mentioned required that the petition for discontinu-
ing or vacating any such "street or alley, or any part thereof,"
should be signed by "all the owners of the lots or land" on
any such street or alley in the city, "and not otherwise."
In the case at bar it is conceded that only a part of such own-
ers signed the petition. If the provisions of the charter
mentioned, therefore, remain in force, then, obviously, the
common council had no authority nor power to discontinue
and vacate the portions of the streets in question. It becomes
necessary, therefore, to determine whether the provisions of
the charter mentioned have, since their enactment in 1882,
been modified or superseded by any legislative enactment.

By ch. 174, Laws of 1891, sec. 904, R. S. 1878, was "amended
so as to read as follows: Upon petition in writing of the
owners of lots on, or land on any street or alley in such vil-
lage, the board of trustees may discontinue such street or
alley, or any part thereof; provided, that all the owners of
lots or land on the portion of such street or alley proposed
to be vacated and two thirds of the owners of lots or land
on the remainder of such street or alley, shall sign such peti-
tion, and not otherwise." In addition there was a clause as
to giving notice. There is no pretense that this act of itself
modified or superseded the provisions of the charter men-
tioned; and there is no ground for claiming, and we do not
understand that there is any claim, that the mere fact that

sec. 927, as contained in the Revised Statutes of 1878, gave to "the common council of every city . . . all the powers conferred on village boards by sections 895 to 904, inclusive," operated, of itself, to extend the provisions of ch. 174, Laws of 1891, to the city of *Janesville*. That act was a "general law," and if, by implication, it can possibly be regarded as contravening the provisions of the charter mentioned, still the charter declares, in a section quoted, that it shall not "be considered as repealing, amending or modifying" any provisions of the charter. Sec. 46, subch. XII. And that is consistent with the rule of construction declared by sec. 4986, quoted, and also in harmony with the section of the statutes which declares that "none of the general provisions of these revised statutes shall be construed so as to affect or repeal the provisions of any special acts relating to particular counties, towns, cities or villages or the officers or offices thereof, unless such special acts are enumerated in the acts hereby repealed." R. S. 1878, sec. 4987. Such rules of construction have frequently been sanctioned and applied by this court. *Walworth Co. v. Whitewater,* 17 Wis. 193; *Janesville v. Markoe,* 18 Wis. 350; *Thompson v. Milwaukee,* 69 Wis. 495; *James v. Darlington,* 71 Wis. 173.

The principal contention is to the effect that when sec. 927, R. S. 1878, quoted above, was amended by ch. 118, Laws of 1895, by inserting the words inclosed in parentheses, as there indicated, and then re-enacted as so amended, the words, "common council of every city," contained in the section before the amendment, as well as afterwards, acquired by such re-enactment a new significance, which they did not previously possess, and operated to repeal, amend, or modify the provision of the charter so as to require such petition to be signed only by a part of such lot or land owners, instead of all, as required by the charter. But such re-enactment cannot properly have any such new significance. It was merely in compliance with a legislative rule made for

the purpose of enabling all to understand any section amended without further research. Rule 12, Joint Rules of Senate and Assembly. This court has repeatedly held, in effect, that where a section of the statutes is re-enacted with certain additions, the provisions so re-enacted continue in force without interruption. *Fullerton v. Spring*, 3 Wis. 667; *Smith v. Smith*, 19 Wis. 522; *Laude v. C. & N. W. R. Co.* 33 Wis. 640; *Scheftels v. Tabert*, 46 Wis. 439; *Gilkey v. Cook*, 60 Wis. 133; *State ex rel. Bergenthal v. Bergenthal*, 72 Wis. 319; *Cox v. North Wis. L. Co.* 82 Wis. 141. This rule of construction is not changed by the fact that ch. 118, Laws of 1895, was enacted since the constitutional amendment of 1892 prohibiting special or private laws " for incorporating any city, town or village, or to amend the charter thereof." Const. art. IV, sec. 31, subd. 9. This was, in effect, held in *State ex rel. Farrell v. Howe*, 95 Wis. 530.

It follows that the common council had no power to vacate the portions of the streets in question, and hence the injunction should have been granted.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to grant the injunction, and for further proceedings according to law.

The respondents moved for a rehearing, and the following opinion was filed September 20, 1898:

CASSODAY, C. J. The questions presented by this motion for a rehearing have been fully considered and determined by all the members of the court. If there is any failure in the opinion filed to clearly state such determination, the fault is with the writer. Counsel, seemingly, fails to realize that it was expressly decided that by the provision of the charter of 1882, that "upon the petition in writing of all the owners of lots or land on any street or alley in said city, *and not otherwise*, the common council may discontinue such

street or alley, or any part thereof," " the city of *Janesville*
was taken completely out from under the general statutes
quoted, so far as discontinuing or vacating any street or
alley, or any part thereof, was concerned." Otherwise that
provision of the charter would have been of no special bind-
ing force.

The only question that remained was whether that pro-
vision of the charter was repealed or modified by the two
statutes subsequently enacted. Construing those acts in the
light of the statutory rules of construction, we reached the
conclusion that there was nothing contained in either of those
acts evincing any intention to repeal or modify the provisions
of the charter mentioned. Had there been such intent, it
would have been enforced; for it is well settled and very
obvious that one legislature has no power to bind a subse-
quent legislature, even as to the form of expressions to be
used in repealing or modifying a prior statute. Thus, in
*Brightman v. Kirner*, 22 Wis. 54, relied upon by counsel, the
charter of Milwaukee provided that real estate exempted
from taxation by the general laws of the state should, never-
theless, be subject to special assessments, and it was held that
the same was modified by the general statute of 1854, which
declared that the amount of taxes or license therein required
to be paid by the several railroads in the state should take
the place of, and be in full of, all taxes, of every name and
kind, upon the roads or other property of the companies, and
that it should " not be lawful to levy *or assess* thereupon any
other or further *assessment* or tax for any purpose whatso-
ever " [ch. 74, sec. 2]. The intent was held to be to exempt
the railroad company from all taxes and assessments of every
nature, even in cities. In *Thompson v. Milwaukee*, 69 Wis.
492, the act under consideration [Laws of 1882, ch. 261] was.
" An act to amend chapter 332 of the Laws of 1878, entitled
an act to protect laborers and material men in the city of
Milwaukee; " and by its express terms necessarily amended

the charter.   In *Raymond v. Sheboygan,* 76 Wis. 335, it was held that although the act of 1889 did not, in express terms, amend the city charter, yet it expressly applied to injuries which had happened previously, and, since it merely affected the remedy, it was not invalid.   The decisions pertinent all seem to be in harmony with the conclusions reached in this case.

*By the Court.*— The motion for a rehearing is denied, with $25 costs.