HARRIS, Respondent, vs. CITY OF FOND DU LAC, Appellant.

*September 5 — September 26, 1899.*

*Municipal corporations: Injuries from defective streets: Notice: Service:*
*Special charter provisions.*

1. The provision of sec. 1339, R. S. 1878, requiring, as a condition precedent to an action, that notice of injuries from a defective highway be given within ninety days was not (under sec. 4986) applicable to cities having special and inconsistent charter provisions. By ch. 236, Laws of 1897, said sec. 1339 was amended so as to limit to fifteen days the time for giving notice in case of a city. *Held,* that the amendment did not extend the application of the section, and that special and inconsistent. charter provisions would still prevail.

2. A provision in a city charter requiring notice of an injury from a defective street to be served upon the street commissioner or sidewalk superintendent of the city or an alderman of the ward in which the injury occurred is not complied with by service on the mayor and city clerk.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

The appeal is from an order overruling defendant's demurrer. The complaint set forth that on August 23, 1897, plaintiff was injured by reason of a defective street in said city; that, by reason of such injuries, he was rendered insensible for a long time, and during the resulting illness suffered such severe pains as to render him physically and mentally unable to attend to business or to correspond with his attorney; that, as soon as he was able, and on the 16th of September, 1897, he caused written notice to be given said city, by serving the same upon B., city clerk of said city, and upon E., mayor of said city, personally. The demurrer was upon the ground that the complaint stated no cause of action, for that it showed no service of notice upon the city within the time required by law.

For the appellant there was a brief by *O. H. Ecke*, city attorney, and *Maurice McKenna* and *Edward W. Phelps*, of counsel, and oral argument by *Mr. Phelps* and *Mr. Ecke*.

For the respondent there was a brief by *Cooper, Simmons & Nelson*, and oral argument by *Peter B. Nelson*.

DODGE, J.   The charter of *Fond du Lac*, as amended (sec. 4, ch. 435, Laws of 1889), declared that no suit should be maintained unless a notice was served within thirty days after the injury, upon the street commissioner or sidewalk superintendent of the city, or an alderman of the ward where the injury occurred, and provided: "But when the person so injured shall in consequence thereof be bereft of reason, the notice shall not be required until thirty days after he has been fully restored to consciousness." By ch. 236, Laws of 1897, sec. 1339, R. S. 1878, is amended so as to provide that no action for injuries from defective highways shall be maintained unless notice is given within thirty days in case of any county or town, and fifteen days in case of any city or village, to the county clerk of the county, supervisor of the town, one of the trustees of the village, or the mayor or city clerk of the city.

The question debated by counsel, and which we therefore take up for consideration, was whether the amendment of sec. 1339, made in 1897, applied to and controlled in the city of *Fond du Lac*, or whether the charter of that city was still in force upon the subject of notice.   The somewhat extended argument of counsel for respondent, that the notice clause, especially that in case of one bereft of reason, in the city charter, should not be repealed by implication unless the general act is clearly repugnant, needs but little consideration.   Repugnancy is too plain for discussion between a provision that a notice must be given in all cases within fifteen days, and one declaring that in some cases it need not be given until thirty.   The question is at once broader and

more simple. Was it intended by the legislature, in the enactment of ch. 236, Laws of 1897, to thereby extend the provisions of sec. 1339 over all cities, or to except therefrom cities having special charter provisions on the general subject covered by it and inconsistent with it? Sec. 4986, R. S. 1878, provided that the laws contained in the Revised Statutes shall apply to, and be in force in, every city and village, so far as the same are not inconsistent with the charter of any such city or village. When the provisions of any such charter are at variance with the provisions of the Revised Statutes, the provisions of such charter shall prevail, unless a different intention be plainly manifested.

It is thus apparent that sec. 1339, as it existed before the amendment in 1897, was not applicable, at least upon the subject of notice, to the city of *Fond du Lac;* and its amendment, by changing the time limit for notice, can no more be obnoxious to constitutional objection, by reason of the constitutional amendment of 1892, than could the legislation considered in *State ex rel. Farrell v. Howe,* 95 Wis. 530, because limited to the same class of cities as the original section.

This act was by its express terms an amendment of sec. 1339, substituting fifteen for the ninety days originally therein limited. That section, by virtue of sec. 4986, was confined to certain cities, viz., those not having special and inconsistent charter provisions, and did not apply to *Fond du Lac. Walworth Co. v. Whitewater,* 17 Wis. 193. It is hardly conceivable that the legislature, by amending such section in a single detail, intended to legislate with reference to a city not affected thereby. We think it obvious that the legislative purpose went no further than amendment, and that sec. 1339 applied to no other cities afterward than before. As a result, the giving of notice at the time of the injury complained of was regulated by the charter, and not by the Revised Statutes. *Thompson v. Milwaukee,* 69 Wis. 492; *Baines v. Janesville,* 100 Wis. 369.

Stolze and wife vs. The Milwaukee & Lake Winnebago R. Co.

The statement in *Daniels v. Racine*, 98 Wis. 649, to the effect that the amendment to the statute in question applied to all cities and villages, was, of course, made with reference to the case there presented,— that of a city having no special charter provision on the subject of notice, and therefore within the class regulated by the section amended. So understood, it in no wise conflicts with the construction now adopted.

Although, as a result of the conclusion reached above, the attempted service was within the time limited by law, the complaint fails to allege service in the manner provided. The charter requires service upon the street commissioner or sidewalk superintendent of the city or an alderman of the ward where the injury occurred. The complaint alleges no service on either of these officers, but, instead, upon the mayor and city clerk. This is necessarily fatal. Notice as required by the statute applicable is a condition precedent to suit, and an essential allegation of the complaint.

*By the Court.*— Order appealed from is reversed, and cause remanded with directions to sustain the demurrer.