MADDEN, Respondent, vs. KINNEY and others, Appellants.
SAME, Appellant, vs. SWEET and others, Respondents.

*January 14, 15—February 3, 1903.*

*Schools and school districts: Board of education: Power to contract for text books: City charter: Common council: Statutes: Pleading: Injunction: Appeal and error: Res adjudicata: Parties.*

1. Sec. 514, R. S. 1878, declared that the several boards of education in cities should determine what school books should be used, and that any such board might be authorized by the

board of aldermen, common council, or trustees to purchase text books for use in the public schools. Sec. 515 declared that such board should be charged with all the duties imposed on school district boards, so far as they were not expressly provided for or limited by special provisions of the act of incor- poration, or other act under which such body was constituted, and that every city not having a system of school government specially provided by law should be governed by the provisions of ch. 27, R. S. 1878. Sec. 514 was amended at various times and, as amended by ch. 308, Laws of 1891, was, as sec. 440a, re-enacted *verbatim* as part of the codification of the school laws of 1897 (ch. 354, Laws of 1897), and is now sec. 440a, Stats. 1898. Sec. 515 was dropped out of the codification of 1897, but less than four months thereafter was literally re-enacted by the same legislature, and is now sec. 515, Stats. 1898. The charter of Fond du Lac (sec. 10, subch. XV, ch. 153, Laws of 1883) provides that the board of education "shall establish the text books to be used" in that city. Sec. 4986, Stats. 1898, provides that the laws contained in the Revised Statutes shall apply to and be in force in each city in the state, as far as the same are applicable *and not inconsistent with the charter of any such city*, but that when the provisions of any such charter are at variance with the provisions of the Revised Statutes, the provisions of *such charter shall* prevail unless a different intention is plainly manifested. *Held:*

(1) That neither sec. 514, as it existed in the Revised Statutes of 1878, nor as modified and finally reduced to the form expressed in sec. 440a, Stats. 1898, took away any of the powers granted by ch. 153, Laws of 1883, to the board of education of the city of Fond du Lac.

(2) That such board of education had the power to make an order for furnishing text books in the public schools of Fond du Lac, binding upon the tax payers and patrons of its schools for the term of five years, without the approval of the common council.

(3) That such board of education having such power, in an action to restrain the execution of such an order, allegations of the complaint as to inexpediency, impropriety, and bad motives of certain members of the board are of no significance.

2. Under the charter of Fond du Lac (ch. 152, Laws of 1883), the board of education has the power to establish the text books to be used in such city, and, acting under that power, such board adopted certain text books "as the regular text-books" in the branches thereby covered "in the city schools of Fond du Lac for the next five years" then following, and entered

into a five-year contract with the publishers to furnish to purchasers the latest edition thereof at certain enumerated prices. In an action to restrain the consummation of such contract, the complaint, in addition to setting forth the facts as to the contract, contained numerous allegations of undue influence brought to bear upon certain members of the board, and bad motives on their part in the action taken. A preliminary injunction was granted which the court refused to dissolve. *Held*, that the complaint failed to state a cause of action for an injunction, or any equitable relief, and the injunction was improperly granted and improperly continued.

3. Where a trial court refuses to dissolve an injunction such ruling is not *res adjudicata* on appeal.

4. Where a board of education is a mere agency or instrumentality of the city government, and, as such, incapable of being sued, it is not, as such, a necessary party to an action to enjoin the consummation of an order of such board changing the school books to be used in the city schools.

APPEALS from orders of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *One order affirmed; the other reversed.*

In this case the plaintiff appeals from each of two orders sustaining two separate demurrers to the complaint entered January 6, 1902, and the defendants named appeal from an order refusing to dissolve the preliminary injunction and continuing the same in force, made October 19, 1901. It appears from the complaint, and is undisputed, that July 30, 1901, Ginn & Co. submitted a proposition in writing to the board of education of the city of Fond du Lac to the effect that, in consideration of the adoption by the board "for the term of five years" of the list of text-books therein named, they thereby agreed to supply the same in the latest editions at the prices therein named; and would also exchange dealers' stock of new books of the kind then in use on the basis of dollar's worth for dollar's worth, list prices, transportation free on introductory exchange supplies. On the same day the board of education resolved, in effect, that such text-books "be adopted and used as the regular text-books" in the

branches therein named "in the city schools of Fond du Lac for the next five years" then following. The complaint contains numerous allegations of undue influence brought to bear upon certain members of the board, and bad motives on their part in the action taken.

For the plaintiff the cause was submitted on the brief of *Edward S. Bragg.*

*J. M. Gooding,* attorney, and *D. D. Sutherland,* of counsel, for defendants.

CASSODAY, C. J. The important question in the case is as to whether the board of education had the power to make a contract for furnishing text-books in the public schools, binding upon the plaintiff and other citizens and taxpayers and patrons of the school for the term of five years, without the approval of the common council of the city. This is the principal question involved in both appeals, and its determination necessarily depends upon the construction to be given to certain portions of the statutes. The defendants claim that the board had such power, and rely upon the provisions of the city charter. Subch. XV, ch. 152, Laws of 1883. That subchapter contains seventeen sections, and is entitled "Department of Education." The tenth section of that subchapter expressly provided:

"The board of education shall, from time to time, make such rules and regulations for the government and organization of schools, for the reception and instruction of pupils, and their transfer from one school to another, and for the promotion and good order and discipline in schools, as to it shall seem expedient, and also for the care and management of the several school rooms, fixtures, furniture, and apparatus in the city, *and shall establish the text books to be used therein.*"

At the time that subchapter was enacted, ch. 27, R. S. 1878, entitled, "Of Common Schools," was in force, with amendments as to certain sections. That chapter contained

one hundred and forty-one sections, being sections 412 to 553, inclusive. Sec. 514 of that chapter declared:

"The several boards of education, or other bodies having the government in cities or incorporated villages of the public schools, shall determine what school and text books shall be used in the several branches of study pursued in the schools, and shall make a list of such books, file a copy with their clerk or secretary and keep a copy publicly posted in each school building. When any such text books shall have been adopted, they shall not be changed for the term of three years, nor thereafter without the consent of the state superintendent. Any such board may be authorized by the board of aldermen, common council or trustees, to purchase text books for use in the public schools, and to loan or furnish them to pupils under such conditions or regulations as they may prescribe."

And sec. 515 declared:

"Every such board or other body aforesaid shall have all the powers, and be charged with all the duties imposed by these statutes on school district boards, so far as the same are not provided for or limited by the special provisions of the act of incorporation, or other act under which such board or body is constituted. Every city or village not having a system of school government specially provided by law therefor, shall be governed by the provisions of this chapter."

A few days after such adoption of the city charter of Fond du Lac, the same legislature amended sec. 514 by dropping out the words "or incorporated villages," and also dropping out the clause requiring "the consent of the state superintendent" to the change of text-books, and all the balance of the section; and in lieu thereof declared:

"Any board of education in any city where the district system is not in force, may, under the limitations of this act, order changes in text books: provided that said changes shall be approved by the common council or board of aldermen of such city, and the aforesaid boards of education are hereby authorized to purchase text books for use in the public schools, and to loan or furnish them to pupils under such con-

ditions or regulations as they may prescribe. But no text books shall be permitted in any free public schools which would have a tendency to inculcate sectarian ideas." Sec. 3, ch. 251, Laws of 1883.

March 19, 1891, sec. 5, subch. XV, of the city charter of Fond du Lac (ch. 152, Laws of 1883), was amended by adding a new subdivision, as follows:

"(5) To construct suitable new school buildings and equip the same, and buy school sites with necessary grounds therefor, but only by and with the consent and concurrence of the common council," with a clause against the expenditure of money without being "previously appropriated by the common council." Sec. 6, ch. 25, Laws of 1891.

But no attempt was made therein to otherwise change any of the provisions of subch. XV of the charter. A few weeks afterwards the same legislature amended sec. 514 as amended by sec. 3, ch. 251, Laws of 1883, so as to require the list of text-books to be *"publicly"* posted, and excepting out from the provisions "such city or cities as furnish to the pupils attending the public schools therein free text books," but otherwise left the section substantially as it was before. Sec. 2, ch. 308, Laws of 1891. All such legislation was prior to the amendment to the constitution which prohibits the legislature "from enacting any special or private law . . . for amending the charter of any city." Sec. 31, art. IV, Const. Ch. 27, R. S. 1878, entitled "Of Common Schools," was amended, codified, and revised by ch. 354, Laws of 1897, and sec. 514, as amended by sec. 2, ch. 308, Laws of 1891, was re-enacted *verbatim,* but as No. 440a, and placed in a different connection, instead of being continued as sec. 514, and hence that number was dropped out of such codification; and so was sec. 515, R. S. of 1878, quoted above, and which had continued in force and unchanged down to the time of such codification, May 4, 1897. Apparently sec. 515 was so dropped out of such codification by mistake, since the same legislature at an adjourned session thereof, less than four

months thereafter, re-enacted the same literally (sec. 515, ch. 380, p. 998, Laws of 1897); and the same has since been continued as sec. 515, Stats. 1898. Thus it appears that sec. 514 of the Revised Statutes of 1878, with slight amendments, continued down to May 1, 1891, and since that time it has continued the same, as therein expressed, down to the present time, either by that number or as sec. 440a. With sec. 514 in force as indicated, the special charter of the city of Fond du Lac was adopted March 26, 1883, with a subchapter entitled "Department of Education," as mentioned. A few days afterwards the same legislature amended sec. 514 as indicated, apparently without any intention of changing any of the provisions of such special charter. So, as indicated, the legislature of 1891 amended such special charter by adding a clause, and then a few weeks afterwards amended sec. 514, as mentioned, without indicating any purpose of taking away any of the powers thus granted to the board of education of the city of Fond du Lac by such special charter. This is also manifest from the fact that during the last twenty-four years, with the short interval mentioned, sec. 515, quoted above, has all the time been in force. To that section must be applied the well-known maxim, *"Expressio unius est exclusio alterius." State ex rel. New Richmond v. Davidson,* 114 Wis. 578, 90 N. W. 1067, and cases there cited. When so applied, the section declares, in effect, that the powers and duties of boards of education as prescribed by the general statutes shall not apply to any city or village "having a system of school government specially provided by law therefor." Another section of the statutes provides:

"All the laws contained in these Revised Statutes shall apply to and be in force in each and every city and village in the state as far as the same are applicable *and not inconsistent with the charter of any such city* or village; but when the provisions of any such charters are at variance with the provisions of these Revised Statutes, the provisions of *such*

*charters shall prevail* unless a different intention be plainly manifested." Sec. 4986, R. S. 1878, and sec. 4986, Stats. 1898.

The next section provides

"None of the general provisions of these Revised Statutes shall be construed so as to effect or repeal the provisions of *any special acts* relating to particular counties, towns, *cities* or villages or the officers or offices thereof unless such special acts are enumerated in the acts hereby repealed." Sec. 4987, R. S. 1878, and sec. 4987, Stats. 1898.

These sections have frequently been construed as keeping cities under special charters from being affected by the general statutes. *Baines v. Janesville,* 100 Wis. 369, 375, 75 N. W. 404, and cases there cited; *Harris v. Fond du Lac,* 104 Wis. 44, 80 N. W. 66. Nor is the rule frustrated by the fact that sec. 514, as it formerly existed, was amended, and finally placed in another portion of the statutes as sec. 440a, as mentioned. The statutory rule of construction in case of such displacement is:

"The provisions of these Revised Statutes, so far as they are the same in substance as those of existing laws, shall be construed as a continuation of such laws and not as new enactments." Sec. 4985.

Of course, "one legislature has no power to bind a subsequent legislature as to the form of expression to be used in repealing or modifying a prior statute." *Baines v. Janesville,* 100 Wis. 369, 75 N. W. 404. But the intention of the legislature must be ascertained from the language employed, and not from a supposed intention not expressed. We must hold that neither sec. 514, as it existed in the Revised Statutes of 1878, nor as modified and finally reduced to the form expressed in sec. 440a, Stats. 1898, took away any of the powers granted to the board of education of the city of Fond du Lac by the subchapter of its charter entitled "Department of Education," as amended.

The board of education having the power and right in its

·discretion to "establish the text-books to be used" in the city, the allegations of the complaint as to inexpediency, impropriety, and bad motives of certain members of the board are ·of no significance. *State ex rel. Rose v. Superior Court of Milwaukee Co.* 105 Wis. 677, 81 N. W. 1046; *Metzger v. Hochrein,* 107 Wis. 267, 270, 83 N. W. 308; *Marshfield L. & L. Co. v. John Week Lumber Co.* 108 Wis. 274, 275, 84 N. W. 434. We must hold that the preliminary injunction ·was improperly granted, and was improperly continued. For the same reasons we must hold that the complaint fails to ·state a cause of action for an injunction, or any equitable relief. Clearly, the ruling of the trial court upon that question is not *res adjudicata* on this appeal. *Hackett v. Carter,* 38 Wis. 394; *Watson v. Appleton,* 62 Wis. 267, 22 N. W. 475; *Schoenleber v. Burkhardt,* 94 Wis. 575, 69 N. W. 343.

2. Counsel for the defendants contend, and the trial court held, that there was a defect of parties defendant by the failure to make the board of education, as such, a party to the ·action. But, as argued in behalf of the plaintiff, the board ·was a mere agency or instrumentality of the city government, and as such, incapable of being sued, and hence not a necessary party to the action. *Klaus v. Green Bay,* 34 Wis. ·628; *Gardner v. New York,* 10 N. Y. 409.

*By the Court.*—The order of the circuit court sustaining the demurrer is affirmed, but only on the ground that the ·complaint states no cause of action; and the order of the circuit court refusing to dissolve the preliminary injunction and continuing the same is reversed, and the cause is remanded for further proceedings according to law.