KOLB, Respondent, vs. CITY OF FOND DU LAC, Appellant.

*May 14—May 29, 1903.*

*Municipal corporations: Streets: Injuries to traveler: Notice of injury: Pleading: Variance.*

Defendant's charter provided that before an action for injuries happening through the insufficiency or want of repair of any street can be maintained, notice shall have been first given in writing, stating the *place* where and the time when such injury or damage occurred, and the nature and circumstances thereof.

Notice of an injury to plaintiff stated that the accident was caused by a pile of dirt " in *First* street, about nine feet *southwest* of the curb of the *northwest* corner of *First* and Macy streets," and that plaintiff was riding "southerly on the west side of Macy street when injured." The complaint stated the place of the insufficiency "on *East First* street" where it intersects Macy street, "about nine feet *southeast* of the curb of the *northwest* corner of *East First* street and Macy street. The two streets intersected at right angles, and the notice was attached to and made part of the complaint. *Held:*

(1) That the discrepancy between *First* street and *East First* street presented no question of variance for determination on an issue by demurrer.

(2) That the discrepancy in location of the place of the accident between "nine feet southwest of the curb of the northwest corner" of the intersection of the two streets, and "nine feet southeast of the curb of the northwest corner" of the same intersection, is slight in its significance, and not a material variance.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to plaintiff's complaint. The action was brought to recover damages for a personal injury which plaintiff alleges was the result of the unsafe condition of defendant's street. The complaint alleges that East First street and Macy street are public highways in the city, and intersect each other at right angles; that the defective condition of the streets consisted in leaving a pile of dirt or street scrapings in the streets without a guard or light to warn travelers in the nighttime; that the pile of dirt was "about nine feet southeast of the curb of the northwest corner of said Macy and East First streets." A notice of claim and injury was served on the clerk and street commissioner, a copy of which notice was attached to the complaint, and made part thereof. The notice describes the place of accident "at the corner of First and Macy streets," and "about nine feet southwest of the curb of the northwest corner of said First and Macy streets." Defendant demurs to this complaint on the ground that it appears

upon the face thereof that it does not state facts sufficient to
constitute a cause of action.    The court overruled the de-
murrer.   From this order the defendant appealed.

For the appellant the cause was submitted on the brief of
*J. M. Gooding.*

For the respondent there was a brief by *Reilly, Williams
& Reilly,* attorneys, and *D. D. Sutherland,* of counsel, and
oral argument by *Mr. Sutherland.*

SIEBECKER, J.    Appellant contends that the demurrer
should be held good upon the ground of a fatal variance be-
tween the complaint and the notice of claim and injury.   The
law of the state makes the giving of a notice of claim for in-
jury and damages in cases of this nature a necessary pre-
requisite to maintain an action.   This rule has been repeat-
edly announced in the decisions of this court.    There is no
difference as to the requirement of such notices in cases under
the general statutes and those coming within a city charter
prescribing specially what such a notice shall contain, and
how it is to be served.   The charter of the city of Fond du
Lac provides that this action cannot be maintained "unless
notice shall have first been given in writing  .  .  .  stat-
ing the place where and the time when such injury or damage
occurred and the nature and the circumstances thereof, and
that the person injured will claim damage therefor."   In the
case of *Harris v. Fond-du Lac,* 104 Wis. 44, 80 N. W. 66,
this court considered and held that the provisions of sec. 1339,
Stats. 1898, which prescribe what notice shall be given as a
condition precedent to the maintenance of an action for in-
juries from a defective highway, do not apply to the defend-
ant city.   We are therefore to consider this case under the
regulations of the city charter on this subject.   As indicated,
the charter requires written notice to be served, "stating the
place where and the time when such injury or damage oc-
curred and the nature and circumstances thereof."   Does the

notice before us describe the place where the injury occurred with sufficient particularity and certainty to point out to the city officers the place where and the nature of the insufficiency alleged to have caused the injury? The notice specifies the place of insufficiency "in First street, about nine feet southwest of the curb of the northwest corner of First and Macy street," while the complaint states the place of insufficiency "in East First street," where it intersects Macy street, "about nine feet southeast of the curb of the northwest corner of East First and Macy street." The first discrepancy to be noticed is that the notice designates the street at the place of injury as First street, and the complaint designates it as East First street. So far as the record discloses anything pertinent to the variation, the two designations may refer to one and the same street. In that view of the situation, this discrepancy can therefore present no question of variance to be determined upon the issue raised on demurrer. Our attention is further directed to the fact that the notice locates the place of insufficiency at a point "about nine feet southwest of the curb of the northwest corner" of the intersection of the two streets, and the complaint locates it at a point "about nine feet southeast of the curb of the northwest corner" of the intersection of these two streets. Appellant complains that the difference in location of the place of insufficiency in the notice and complaint is so misleading that the city officers were wholly unable to ascertain the place of injury, and the nature of the defect complained of. Such a result it is difficult to imagine. Both notice and complaint locate the place of injury about nine feet from the curb of the northwest corner, where the two streets intersect at right angles. The notice designates the place about nine feet southwest, and the complaint about nine feet southeast, from this corner; thus locating the pile of dirt in the street at one of two points within about thirteen feet of one another. It is insisted, however, that, if the city officers had found the place designated

in the notice, they would not, in all reasonable probability, have been led to observe the pile of dirt at the point designated in the complaint, and that a like result would have followed had they repaired to the place designated in the complaint.   As a matter of common knowledge, it would seem within all reasonable probability that the ordinary use of the eye would readily have led to the discovery of a pile of dirt or street scrapings, between one and one half feet in heigh*, and about three or four feet wide at the base, in a public street, in the daytime, at a distance of about thirteen feet from the point of observation.   There is, however, a statement in the notice to the effect that plaintiff was riding "upon the west side of Macy street, in a southerly direction," when he was injured.   As the trial court observed, "If, when he was injured, he was riding south along the west side of Macy street, he could not at the same time be riding west or southeast on First avenue."   This statement, in connection with the other description of the place of the insufficiency, pointed out the actual place of injury with sufficient certainty.   The discrepancy in location of the place of accident between the notice and complaint is slight in its significance, and is not a material variance.   *Hein v. Fairchild,* 87 Wis. 258, 58 N. W. 413; *Barrett v. Hammond,* 87 Wis. 654, 58 N. W. 1053. The demurrer was properly overruled.

*By the Court.*—Order affirmed.