5]                        JANUARY TERM, 1918.                        91

State ex rel. Manitowoc L. & F. Co. v. Kelley, 167 Wis. 91.

STATE EX REL. MANITOWOC LAND & FUEL COMPANY, Respondent, vs. KELLEY, City Clerk, and others, Appellants.

*February 7—March 5, 1918.*

*Municipal corporations: Vacation of streets: Proceedings: Vote required: Special charters and general laws.*

1. In a city of the second or third class having a special charter, if the provisions in such charter relating to the vacation of streets and alleys are not made exclusive, the common council may, under the authority of sub. 1, sec. 927, Stats., proceed to vacate a street in the manner prescribed in sec. 904, and in such case the resolution of discontinuance may be adopted by a majority vote of the aldermen, even though in such a proceeding taken under the special charter a two-thirds vote is required.
2. Where the method provided by the general statutes for vacating a street is adopted, that method must be followed throughout the whole proceeding.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was commenced by a petition for a peremptory writ of *mandamus* to compel the city authorities of the city of *Manitowoc* to enter upon the record of the minutes of the board of aldermen a resolution providing for vacation of a street. The petition set forth, among other things, that on the 16th day of June, 1917, the petitioner filed in writing in the office of the city clerk of the city of *Manitowoc* a petition directed to the mayor and board of aldermen praying that that part of South Seventh street in said city from the north line of Quay street to the Manitowoc river be discontinued and vacated; that said petition was signed by more than twenty resident freeholders of the First ward in said city, said part of said street, asked to be vacated, being located in the First ward; that said petition was signed by the owners of all the frontage of the lots and lands abutting upon the portion of said street sought to be discontinued and

vacated and by the owners of more than one half of the front-age of the lots and lands abutting on all that portion of the remainder of said street which lies, 2,650 feet from the ends of the portion proposed to be discontinued; that said petition was presented to the board of aldermen of said city at a regular meeting and referred to a committee of said board; that said committee duly considered said matter and ordered hearing thereon and notice to be duly given; that due pro-ceedings were had thereon and notice given and the matter afterwards considered at a regular meeting of the board of aldermen on the 6th day of August, 1917, and consideration thereof continued to the 4th day of September, 1917, and a resolution for vacating and discontinuing in accordance with the petition was duly considered by the board of aldermen of said city of *Manitowoc,* all the aldermen and the mayor being present; that a vote upon said resolution was duly taken and recorded; that eight of the aldermen voted in favor of the adoption of said resolution and six voted against it; that thereupon the mayor announced that said resolution was lost or defeated; and that the petitioner demanded that the mayor declare said resolution adopted and the city clerk make an entry in the minutes to that effect, but the mayor and city clerk each refused so to do. The mayor refused to declare the resolution adopted on the ground that it required a two-thirds vote of the members of the board of aldermen elect to vacate a street.

An alternative writ of *mandamus* was issued and return thereto duly made. The return set forth that the reason why the board of aldermen could not comply with the re-quirements of said writ was because said resolution vacating and discontinuing said street was not legally adopted. The petitioner, respondent here, demurred to said return, which demurrer was sustained, and from the order sustaining it this appeal was taken.

State ex rel. Manitowoc L. & F. Co. v. Kelley, 167 Wis. 91.

For the appellants there was a brief by *L. W. Ledvina,* city attorney, and *E. L. Kelley* of Manitowoc, of counsel, and oral argument by *Mr. Ledvina.*

For the respondent there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

KERWIN, J.    The return to the writ which was demurred to raises the question whether the adoption of the resolution required a two-thirds vote of the aldermen.

On the part of the appellants it is insisted that the resolution was not adopted because two thirds of the aldermen did not vote for it and that the charter of the city of *Manitowoc* requires a vote of two thirds of all the aldermen to vacate a street, and that the doctrine of *Johnston v. Lonstorf,* 128 Wis. 17, 107 N. W. 459, does not rule the instant case.

On the part of the respondent it is contended (1) that *Johnston v. Lonstorf, supra,* rules this case and hence the charter provisions which do not provide for the assessment of damages are void, and (2) that proceedings to vacate the street in question might be taken under the general statutes, secs. 904 and 927 and other provisions of the statutes, as well as under the city charter of the city of *Manitowoc,* even if the charter provisions were valid.

If the second contention of counsel is well made we need not consider the application of the rule laid down in *Johnston v. Lonstorf* to the instant case.

A review of the changes made in the general statutes, particularly in secs. 904 and 927, respecting the vacation of streets and alleys, we think will shed some light upon the question under consideration.

Sec. 904, Stats., as originally passed is sec. 64, ch. 188, Laws 1872, and provides that "Upon the petition in writing of all the owners of lots or land on any street or alley in such village, and not otherwise, the board of trustees may

discontinue such street or alley;" also provides for one week's notice before acting upon such petition.

Ch. 174, Laws 1891, amends the foregoing law so as to include the owners of all lots or land on the portion of the street to be vacated and "two thirds of the owners of lots or land on the remainder of such street or alley, . . . and not otherwise." The law. as thus amended was carried into the Statutes of 1898 as sec. 904. Sec. 904 was repealed and re-enacted by ch. 517, Laws 1911, and as so re-enacted is now, and has been since 1911, sec. 904, Stats., and provides for the discontinuance upon the written petition of the owners of all frontage of the lots and lands abutting upon the portion sought to be discontinued and of the owners of more than one half of the frontage of lots and lands abutting on the portion of the remainder which lies within 2,650 feet from the ends of the portion proposed to be discontinued. It will be observed that by this amendment the words found in this section as it formerly existed, "and not otherwise," are omitted, and further provision is made for three weeks' notice where one was provided under the former statute.

Sec. 927, Stats., as it appeared in the Statutes of 1898, provided among other things that the board of trustees of every village incorporated under special law and the common council of every city might exercise all the powers conferred on village boards by secs. 895 to 904, inclusive, and proceed in the manner therein prescribed.

This section was amended by ch. 169, Laws 1903, by adding after the word "inclusive," in the seventh line of said section, the following: "and by sections 919a to 919m, inclusive."

The section was further amended by ch. 394, Laws 1905, by adding "whether acting under the general law or under a special charter," and by ch. 517, Laws 1911, sec. 927 was repealed and re-enacted and the above-quoted words added

by ch. 394, Laws 1905, were dropped and in lieu thereof the following words inserted: "as well as the powers and privileges conferred by the provisions of their respective charters."

Sec. 927 remained the same since its re-enactment in 1911 to the present time and was in force at the time the present proceedings were commenced.

Sub. 2, sec. 927, Stats., makes a different rule in regard to cities of the first and fourth class; it provides that every city of the first and fourth class shall possess and exercise the powers, privileges, and procedure granted to cities of the second and third class, except that no action shall be had by any city of the first or fourth class and villages under sec. 904 unless the petition be signed by all the owners of lots and land abutting on the portion of the road or alley proposed to be discontinued and two thirds of the owners of lots and lands abutting on the remainder thereof, "and not otherwise," while sub. 1, sec. 927, relating to cities of the second and third class, as will be seen, has somewhat different provisions and does not contain the phrase "and not otherwise." The city of *Manitowoc* does not belong to the first or fourth class, hence does not come within the restriction mentioned in sub. 2. The history of legislation on the subject shows quite clearly that it was the intention of the legislature to provide by general law a method for the vacation of streets and alleys in cities of the second and third class independent of the charter provisions, where the provisions of the city charter are not made exclusive.

Counsel for appellants rely on *Baines v. Janesville,* 100 Wis. 369, 75 N. W. 404. It will be seen that in that case the charter provisions on the subject preclude any other method of vacating streets and alleys. It provided that streets should be vacated in the way specified in the charter "and not otherwise." It was held in *Baines v. Janesville*

that the city of Janesville was taken completely out from under the general statutes so far as discontinuing or vacating any street or alley or any part thereof was concerned.

The charter of the city of *Manitowoc,* however, is not subject to such construction.   There is nothing in it indicating a legislative intention to make the provisions for vacating streets and alleys exclusive. .  '

Sec. 110 of the charter of the city of *Manitowoc* provides:

"The board of aldermen shall have the power to vacate any street or alley or any block or part of a block in said city upon a written petition signed by twenty or more resident freeholders of the ward in which such street, alley, or block is situated, provided, that two thirds of the aldermen elect shall be required to vote in favor of any such application before it shall be granted."

The method for vacating streets and alleys provided by this section is not exclusive.

The general statutes in force at the time this proceeding was commenced and still in force provide a method for vacating streets and alleys which is made to apply to all cities of the second and third class.

Sec. 904, Stats., provides:

"The whole or any part of any road, street, slip, pier, lane or alley, in any lawfully incorporated village, may be discontinued by the board of trustees of such village, upon the written petition of the owners of all the frontage of the lots and lands abutting upon the portion thereof sought to be discontinued, and of the owners of more than one half of the frontage of the lots and lands abutting on that portion of the remainder thereof, which lies within two thousand six hundred and fifty feet from the ends of the portion proposed to be discontinued."

Sec. 927, Stats., provides:

"1. Every village incorporated under special law shall have and possess, and may exercise and pursue all the rights, powers, privileges and procedure conferred, granted or prescribed by sections 870 and 893 of the statutes.   The board

of trustees of every such village, and the common council of every city of the second and third classes, shall at all times have and possess, and may exercise and pursue all the rights, powers, privileges and procedure conferred, granted or prescribed by sections 895 to 904, inclusive, as well as the powers and privileges conferred by the provisions of their respective charters, and may levy and collect the expense incurred in exercising such rights, powers and privileges, including all damages and costs incurred by the taking of private property, in the manner provided by section 903 or, at their option, in the manner provided by sections 925—190 to 925—197a of the statutes."

It seems plain that the legislative idea was that cities of the second and third class might proceed under the general statutes or under the charter method. The power is given to pursue the procedure prescribed by statute, "as well as the powers and privileges conferred by the provisions of their respective charters." In the instant case the proceeding was taken under the method provided by the general statutes, notices given, hearing had, and vote taken. Obviously the mayor concluded, after the vote had been taken, that the result should be determined not by the statute under which the proceeding was carried on up to that point, but by charter provisions. This conclusion resulted in pursuing one method until after the vote had been taken and then switching to the other method. This the board had no right to do. When the method under the general statutes was adopted that method should have been pursued throughout the whole proceeding. The board had no power to proceed in part under the statutes and in part under the charter. The statutes on the subject do not provide what vote of the aldermen is required, hence a majority vote was sufficient to adopt the resolution.

Following the provisions of the general statutes the resolution was duly adopted and the petitioner was entitled to have the result so declared and recorded.

*By the Court.*—The order appealed from is affirmed.