WARREN, Appellant, vs. THE CITY OF WAUSAU and others,
Respondents.

*April 6 — May 15, 1886.*

*Vacating plats: Jurisdiction: Costs.*

1. The petition of a majority of the owners of the land included in
   the whole of a plat is essential to the jurisdiction of the circuit
   court to vacate a portion of such plat, under sec. 2265, R. S., as
   amended by ch. 60, Laws of 1885; and the fact that the petitioners
   are a majority of such owners should be made to appear.
2. Upon dismissing proceedings to vacate a plat, for want of jurisdic-
   tion, costs cannot be awarded against the petitioner.

APPEALS from the Circuit Court for *Marathon* County.

In 1884 *Andrew Warren* presented his two petitions to
the circuit court, in which he represented that in 1882
he platted into lots certain land owned by him, within
the limits of the city of *Wausau*, in accordance with the
statute in that behalf. In one petition he asked the court to
vacate all of such plat lying west of Third avenue therein,
except two streets; and in the other, to vacate a portion of
Garfield avenue, another street therein. He also stated in
the petitions that he was the owner of the portions of the
plat which he desired to have vacated, and of all the lots
abutting said Garfield avenue. Notices of these applica-
tions were published and served as required by sec. 2265,
R. S.

The city of *Wausau* appeared and objected to the vaca-
tion of certain streets in Warren's addition, including Gar-
field avenue, and consented to the vacation of the blocks
and lots west of Third avenue, provided the petitioner would
pay certain delinquent taxes upon the same. Several per-
sons appeared and opposed the petition, alleging that they
were owners of lots in such addition.

Subsequently, on motion of the contestants, the court dis-

missed both proceedings for want of jurisdiction, with costs, and formal judgments to that effect, in which the amount of costs were inserted, were entered October 10, 1885. It is recited in those orders that the petitions show the petitioner is not the sole owner of his addition to the city of *Wausau*. The petitioner appeals from such judgments.

For the appellant there were briefs by *Eldred & Brown*, and oral argument by *Mr. Brown*.

*Carl H. Mueller*, for the respondents.

Lyon, J. These are special proceedings, and the jurisdiction of the circuit court over them depends entirely upon the statutes. When the proceedings were commenced, sec. 2265, as originally enacted in the Revised Statutes, was in force. It provides that " the circuit courts may, on the application of the proprietors of any duly recorded plat of lands, whether made under the provisions of this chapter or under the provisions of any law of this state heretofore in force, and whether the same shall have been heretofore designated as a city or village plat, or addition thereto, or otherwise, alter or vacate such plat, or any part thereof." This section was amended by ch. 60, Laws of 1885, to read as follows: " The circuit courts may, upon the application or petition of a majority of the proprietors of any duly recorded plat of lands, or any part thereof, or lot therein, whether such plat shall have been heretofore designated as a city or village plat, or addition thereto, or otherwise, alter or vacate such plat, or any part thereof, or any street, public walk, or alley therein." The amendment was in force when the orders and judgments dismissing the proceedings for want of jurisdiction were made and entered.

Under the original section the petition of all the proprietors of any plat of land was undoubtedly essential to the jurisdiction of the circuit court. In like manner the petition of a majority of such proprietors is essential to such

jurisdiction under the section as amended. We cannot doubt that the term "proprietors," as used in the above statutes, means the owners of the lands included in the whole plat at the time the petition is presented. Under the original statute all these must have joined in the petition, and under the amended statute a majority of them must so join, or the circuit court obtains no jurisdiction of the proceedings. And it should be made to appear to the court, either by the petition or in some other appropriate manner, that the petitioners are such proprietors, or a majority of them. · The petitions before us fail to show the existence of this vital fact. On the contrary, the fair inference from them is that the petitioner was not the owner or proprietor of all the lands included in the plat of his addition to Wausau. We find nothing in the record which repels this inference, but much that strengthens it. The circuit court was of the same opinion, and we think the rulings that the court had not acquired jurisdiction of the proceedings were correct.

But we do not know of any statute which authorized the court to award costs against the petitioner. Even were these proceedings *actions* (which they are not), no costs could be given. *Felt v. Felt*, 19 Wis. 193. The court was powerless to do anything more than to dismiss the proceedings for want of jurisdiction.

*By the Court.*— Those portions of the orders and judgments of the circuit court which dismissed the proceedings for want of jurisdiction are affirmed, and those portions which awarded costs against the appellant are reversed. Because there is an affirmance on the merits, the appellant must pay the clerk's fees in this court on both appeals. No other costs are allowed to either party.