BRANDT and others, Appellants, vs. THE CITY OF MILWAUKEE, Respondent.

*September 22 — October 11, 1887.*

CIRCUIT COURT, *jurisdiction as to streets:* MILWAUKEE, *vacation of streets in.*

It was the intention of the legislature, by sec. 3, ch. 4, of the charter of the city of Milwaukee (ch. 184, Laws of 1874), giving to the common council, among other police powers which they may exercise, "anything in any general law of the state to the contrary notwithstanding," the power to vacate streets and alleys, to vest in them exclusive power on that subject, and consequently the circuit court cannot exercise in that city jurisdiction of a petition to vacate an alley.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an application to the circuit court by the owners of all lands on both sides of an alley which runs east and west through the west half of block 67 in the Fourth ward of the city of Milwaukee, to vacate the same. The case was tried by a referee, and upon the hearing of cross-motions by the respective parties to set aside and to confirm his report, the court found that the petitioners had complied with the provisions of the general statutes on the subject, and that the alley was of no public utility and ought to be vacated, but also found as a matter of law that the circuit court had no jurisdiction to vacate an alley in that city. From a judgment dismissing the petition this appeal is taken.

For the appellant there was a brief by *Finches, Lynde & Miller*, and oral argument by *Mr. Geo. P. Miller*. They took the ground that the language of the city charter can only be construed as giving to the common council a power concurrent with that of the circuit court upon the subject of vacating streets and alleys.

*Eugene S. Elliott*, city attorney, for the respondent, ar-

gued that the intention of the legislature to give the common council exclusive power to vacate streets and alleys appears, from its being given "anything to the contrary in any general law notwithstanding," and from the fact that full provisions are made to protect the rights of the city, and of all parties interested. Under sec. 4986, R. S., the charter must prevail over the general statutes wherever they conflict.

COLE, C. J. The city attorney correctly says the only question to be considered on this appeal is whether or not the common council of *Milwaukee* have the exclusive power to vacate streets and alleys within the city limits, under the restrictions prescribed in the charter. By secs. 2265, 2266, R. S., as amended by ch. 60, Laws of 1885, the circuit courts have authority, on a proper application, to vacate any recorded plat of a city or village, or part thereof, and to vest the title of the streets vacated in the owners of the abutting lots. The jurisdiction of the courts in the matter is purely statutory. *Warren v. City of Wausau*, 66 Wis. 206. The question then is, do these general provisions apply to the city of *Milwaukee*, or is the power of the common council in the matter of vacating streets exclusive? In this case the application was to vacate an alley, made by the owners of the abutting lots. The learned circuit court found all the facts in favor of the petitioners; that the proper notices of the application to vacate the alley had been given; and that the alley was of no public utility; yet the court dismissed the petition for the want of jurisdiction. Was this view of the law correct? We think it was. Sec. 3, ch. 4, of the charter (see ch. 184, Laws of 1874), gives the common council of the city certain police powers which they may exercise, "anything in any general law of the state to the contrary notwithstanding," among which is the power to vacate streets and alleys (subd. 32) by ordinances or reso-

lutions, etc.   Sec. 23, ch. 6, of the charter, contains restrictions on the exercise of this power to vacate a street or alley, in providing that the necessity for vacating the same must be first established by a verdict or report of a jury, in like manner as where a street is laid out under the charter. The manner of proceeding for taking land for the use of a street is clearly prescribed, and seems to afford ample and sufficient protection against all abuse of the power.   The rights of the public, as well as of all parties interested, either in laying out streets, or in vacating the same, are carefully guarded by the most wholesome restraints, which are quite as effectual if not more so 'than those afforded by the general statute.

Considering all the general provisions bearing upon the question, as well as the importance attached to the matter of vacating public streets and alleys, by the charter, in this large and flourishing city, we are clearly of the opinion that the legislature deemed it best to vest the common council with the exclusive power of vacating the streets and alleys in the city.   The general provisions, therefore, are not applicable to *Milwaukee.*   We reach this conclusion the more readily because, as we have said, the power seems to be most carefully guarded in the charter to prevent all abuse in its exercise, and also to secure and protect the rights of the public, and of all persons whose property may be affected.

We fully concur in the view of the learned circuit judge that the circuit court had no jurisdiction, and that the petition, therefore, should be dismissed.

*By the Court.*— The judgment of the circuit court is affirmed.