PETITION OF HAYES.

*April 1—April 20, 1909.*

*Municipal corporations: Courts: Jurisdiction: Vacating streets.*

1. Whether or not the legislature can confer upon courts power to vacate public highways,—a point not considered,—no such power has been attempted to be conferred under the statutes of this state.
2. Secs. 2265, 2266, Stats. (1898), simply authorize the vacation of plats or parts of plats and do not purport to authorize the vacation of streets or to interfere with or divest rights acquired under a plat by the public or by private parties.
3. The vacation of streets of a city is vested exclusively in the common council, and hence in an original proceeding to vacate a part of a city street the circuit court is without jurisdiction and the proceeding should be dismissed.
4. Nothing in the foregoing is intended to deny the circuit court power to vacate streets which merely appear in the plat but have not been accepted.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The plaintiff, *Hiram Hayes,* filed his petition in the circuit court for Douglas county, setting up, among other things, a description of the property in Hayes's Addition to West Superior, and that, being the owner and proprietor of the land described in said addition, he caused the same to be surveyed and platted as Hayes's Addition to West Superior, and duly filed in the office of the register of deeds of the county of Douglas on the 30th day of August, 1890, such plat and caused the same to be recorded; that in platting the land described the petitioner dedicated streets, avenues, and alleys full three eighths of the whole piece, giving thereto or providing therefor Lamborn avenue or Grand avenue, North Third and North Fourth streets each seventy feet wide, and making alleys twenty feet wide as shown upon the plat; that petitioner is the owner of several lots, describing them, on

Lamborn avenue; that afterwards a portion of Lamborn avenue was widened by the common council of the city of Superior from seventy feet to one hundred feet by taking fifteen feet from the lots on each side of Lamborn avenue; that the street was widened against the protest of the petitioner. The petition further alleges:

"That said Lamborn avenue is a street paved sixty feet in width, from curb to curb, between North Third street and Belknap street, with a space of twenty (20) feet wide allowed on either side of the avenue for sidewalks. That the purpose of this application to the court is to obtain its allowance of the application to alter the plat of said Hayes's addition so as to take eight (8) feet in width off from the east side of said avenue along and adjoining the west side of said lot one (1), block four (4), thus making such lot one (1) eighteen (18) feet in width, whereas it is now only ten (10) feet wide, for the purpose of widening the aforesaid space of thirty-eight (38) feet by the additional width of eight (8) feet, making the full breadth of forty-six (46) feet, and thus allowing the needed and indispensable width of sixteen feet for office space and thirty (30) feet for the width of the erecting floor described in such new addition, whose construction is compelled by the exigencies of the business, and is contemplated in the immediate future by the Superior Iron Works, as before stated. Your petitioner further represents to the court that the growth and enlargement of said plant must by necessity of the situation extend and is intended to be extended to the southward of its present location alongside and fronting Lamborn avenue upon and over said lots twenty-three (23) to thirty-two (32), inclusive, in block four (4), in Hayes's addition; that all of said lots belong to the petitioner, and he prays that the map and plat thereof may be so altered by the action of the court as to take off eight (8) feet from the east side of said avenue appurtenant to said lots— being in substance only eight (8) feet off of the sidewalk space of twenty (20) feet—so that such eight feet may be added to the length of each of said lots, making them 133 feet long, the same being now only 125 feet in length. That the narrowing of Lamborn avenue by eight feet along

the entire length of block four (4), in Hayes's addition, bordering on such avenue, still leaves twelve (12) feet for sidewalk space, allowing for the sidewalk itself and alone the full width of eight (8) feet, and four (4) feet over to spare, though a sidewalk eight feet in width is now considered unnecessarily wide, "inasmuch as all new cement sidewalks in that vicinity are at present being built by the city six feet wide in place of the former eight-foot plank sidewalks."

It is further alleged that petitioner desires to procure an order from the court vacating a portion of Lamborn avenue described by metes and bounds in said petition, which portion narrows said Lamborn avenue eight feet at the point described. Written notice of the application to vacate was given, and the street committee of the city of Superior reported to the common council, recommending that no objection be made by the city to the granting of the prayer of the petitioner. On the hearing of the petition the city of Superior did not appear, but certain owners of property abutting upon Lamborn avenue appeared by attorney and objected to the jurisdiction of the court in the premises and opposed the granting of the prayer of the petition, and the court ordered the petition dismissed for want of jurisdiction, from which order this appeal was taken.

For the appellant there was a brief by *Hiram Hayes,* petitioner, and *Catlin, Butler & Lyons,* of counsel, and oral argument by *T. E. Lyons.* To the point that statutes authorizing the vacation of plats by courts have often been construed to confer the power, upon application therefor, to vacate a single street or alley, or a part thereof, in such plat, they cited *Case v. Frey,* 24 Mich. 251; *In re Albers's Petition,* 113 Mich. 640, 71 N. W. 1110; *Townsend v. Underwood's Second Addition,* 91 Minn. 242, 97 N. W. 977; *Detroit R. E. Inv. Co. v. Wayne Circuit Judge,* 137 Mich. 108, 100 N. W. 271; *Warren v. Wausau,* 66 Wis. 206; *Brandt v. Milwaukee,* 69 Wis. 386; *Mt. Carmel v. Shaw,* 155 Ill. 37.

For the respondents the cause was submitted on the brief of *E. L. Johnson.*

KERWIN, J. It is plain from the allegations of the petition that the petitioner seeks to vacate part of a public street in the city of Superior under the provisions of secs. 2265, 2266, Stats. (1898). These statutes provide for the vacation of plats and not the vacation of streets, and the main question is whether they authorize the maintenance of the case made by the petition. Sec. 2265 provides, in effect, that the circuit courts may, upon application of the proprietor or proprietors of any recorded plat of land made under the provisions of any law of this state or upon application of the proprietor or proprietors of any part of any plat or of any lot therein, alter or vacate such plat or part thereof, and further provides that such application shall be made to the circuit court of the county in which the plat is situated and how the notice shall be given; and sec. 2266 provides that upon proof of notice the court shall hear the parties interested and determine the petition, and may in its discretion vacate such plat or any part thereof and enter judgment accordingly, and that when only a part of a plat shall be vacated may also direct that the title to such portions of the streets of such plat as shall be vacated shall be vested in the owners of the lots or land abutting on the street or portions of streets so vacated from the line of the respective lots to the center of such streets in such proportions as shall be determined by the court; and that the judgment, together with the plat, if only a part of the plat shall have been vacated, showing the parts so vacated, shall be recorded in the office of the register of deeds.

It is insisted by counsel for respondents that the circuit court has no power to vacate streets, this being a matter purely legislative and vested in the municipality, and that the circuit court under the constitution, being purely a judicial court, is not authorized to exercise legislative power of any

kind—citing *In re North Milwaukee,* 93 Wis. 616, 67 N. W. 1033; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969. Whether the legislature could confer upon the courts power to vacate public highways we need not consider, because we think no such power was attempted under the statutes of this state.

It is not denied but that power is conferred by statute upon the city of Superior to vacate streets in whole or in part, but it is insisted that this power is not exclusive, and that under the statute (secs. 2265 and 2266) above referred to power is also conferred upon the court. These sections of the statute do not purport to authorize the vacation of streets, but merely the vacation of plats. A plat might be vacated and the streets legally laid out and dedicated to the public remain, so far at least as the rights acquired by the public and abutting owners are concerned. True, the statute provides that when a part of a plat shall be vacated the court may by its judgment direct that the title to such portions of the streets of the plat as shall be vacated shall be vested in the owners of the lots or land abutting. It is manifest that this provision is designed merely to follow the vacation and clear the property of the proprietors from the dedication impressed upon it by the recording of the plat so far as the proprietors are concerned, but does not purport to adjust rights acquired, if any, under the plat by the public or third parties. It may well be that the abutting owners upon Lamborn avenue who appeared and objected to the jurisdiction of the court had a property interest in the street which they could not be deprived of without compensation. *Johnson v. Lonstorf,* 128 Wis. 17, 107 N. W. 459. The statute on its face or by any reasonable construction of its language does not give the right to vacate streets in whole or in part. It simply authorizes the vacation of plats or parts thereof and provides for no compensation. It does not purport to interfere with or divest rights acquired under the plat either by the public or by private parties. As appears from

the petition, Lamborn avenue was originally platted seventy feet wide and the common council enlarged it so as to make the portion of it now sought to be narrowed 100 feet wide, so the proceeding here is to vacate a part of the street and thereby make it ninety-two feet wide.

Counsel for appellant relies upon Michigan decisions holding that power under a statute somewhat similar to ours gives the circuit court concurrent jurisdiction with the municipality to vacate streets. The Michigan decisions and some others referred to by appellant appear to support in some degree the contention of appellant, although it is said by the Michigan court that the construction given to the statute is anomalous, because the power to vacate streets is generally confided to municipal authorities, whose action in such cases is discretionary. *Detroit R. E. I. Co. v. Wayne Circuit Judge,* 137 Mich. 108, 100 N. W. 271. But, whatever the rule in Michigan or in other states may be, we think, under the provisions of the charter of the city of Superior and the statutes of this state vesting in the municipality power to vacate streets, secs. 2265, 2266, Stats. (1898), merely authorize the vacation of plats and not the vacation of streets. Subd. 30, sec. 35, ch. 124, Laws of 1891, being charter of the city of Superior; secs. 904, 927, Stats. (1898); *Brandt v. Milwaukee,* 69 Wis. 386, 34 N. W. 246. Counsel seeks to distinguish the *Brandt Case* under the language of the Milwaukee charter provision that the common council shall have authority, "anything in the general law of the state to the contrary notwithstanding," to widen, straighten, and vacate streets. Ch. 184, Laws of 1874. While the Superior charter does not contain this identical provision, it is plain from its terms as well as other statutory provisions relating to municipalities that the power to vacate streets in the city of Superior was given exclusively to the council, and that no authority is conferred upon the courts by secs. 2265, 2266, Stats. (1898), which merely provide for vacation of

plats or parts thereof.   If resort to construction were neces-
sary, it is manifest that the legislative policy as indicated in
the city charter as well as the statutes of this state shows that
the policy of the law is to leave local matters respecting the
opening, vacating, and regulation of streets to the municipal
authority.   Secs. 4986, 4987, Stats. (1898); secs. 904, 927,
Id.; ch. 419, Laws of 1891.   This policy is not only manifest
from legislation upon the subject, but is recognized by the
authorities.   *Brandt v. Milwaukee,* 69 Wis. 386, 34 N. W.
246; *State ex rel. Jameson v. Denny,* 118 Ind. 382, 21 N.
E. 252; Cooley, Const. Lim. 223; *State v. Clarke,* 25 N. J.
Law, 54; *State v. Stoll,* 17 Wall. 425; *Harris v. Fond du
Lac,* 104 Wis. 44, 80 N. W. 66; *Madden v. Kinney,* 116 Wis.
561, 93 N. W. 535; *Baines v. Janesville,* 100 Wis. 369, 75
N. W. 404; *State v. Morristown,* 33 N. J. Law, 57.

We conclude, therefore, that the general statute (secs.
2265 and 2266) must be held to apply, as its terms import,
to the vacation of plats and not to the vacation of streets, and
that the vacation of streets in the city of Superior is vested
exclusively in the common council.   The proceeding in
question being to vacate a part of a street, the circuit court
was without jurisdiction and the petition was properly dis-
missed.

Nothing in this opinion is intended to deny the circuit
court power to vacate streets which merely appear on the
plat but have not been accepted.

*By the Court.*—The order appealed from is affirmed.