Town of Mt. Morris, Respondent, vs. Hill, Appellant.

*January 7—January 28, 1913.*

*Highways: Alteration: Jurisdiction: Fences: Injunction: Appeal: Bill of exceptions.*

1. A stipulation and a judgment entered pursuant thereto, narrowing a public highway from four to three rods, is void, the circuit court having no jurisdiction to make such alteration.
2. A judgment supported by the pleadings and findings of fact will not be reversed on appeal in the absence of a bill of exceptions.

Appeal from a judgment of the circuit court for Waushara county: Chas. M. Webb, Circuit Judge. *Affirmed.*

F. F. Wheeler, for the appellant.

E. F. Kileen, for the respondent.

Timlin, J.    In a former action concerning this highway and in which the town, while not a party thereto, was interested, it was stipulated "that the east limit of said highway on said quarter line in the north half of said section 3 shall be one rod east of said quarter line so to be established as aforesaid, and said town does hereby forever abandon all claim to use and occupy any part of the northeast quarter of said section east of said fence when so located as and for said highway."    The road mentioned was four rods in width, having the quarter line in the north half of section 3 for its center.    Judgment pursuant to such stipulation was entered in that action, and the parties litigant proceeded to locate by survey the quarter line in question.    When located it was found that *Mr. Hill's* fence was within the eastern boundary of the road, assuming the road to be by the stipulation and judgment cut down to three rods in width, two rods lying west and one east of the quarter line.    This action for an injunction was then brought by the town, based upon the claim that the quarter line was established by agreement and the defendant had intruded his fence upon the remaining three

rods of the highway. The court so found and enjoined the defendant from so doing. An injunction *pendente lite* to the foregoing effect was obtained in this action and the parties stipulated that such injunction should be made permanent. Appellant contends in this court that the stipulation and judgment narrowing the highway to three rods are void. We agree with this contention. *Brandt v. Milwaukee,* 69 Wis. 386, 34 N. W. 246; *Warren v. Wausau,* 66 Wis. 206, 28 N. W. 187. But this does not call for a reversal of the judgment appealed from. That simply leaves appellant before us upon an appeal without a bill of exceptions from a judgment supported by the pleadings and findings of fact. These show that the fence in question was within the three-rod limits of the highway. Therefore, without reference to the validity of the former judgment, the continuance of this fence ought to be enjoined. Besides, there is the appellant's stipulation that the preliminary injunction be made permanent.

*By the Court.*—Judgment affirmed.