In re Vacation of Plat of Garden City: Williams, Respondent, vs. Craig, Appellant.

*March 4—March 31, 1936.*

For the appellant there was a brief by *Thompson & Monk* of Racine, and oral argument by *Floyd J. Monk.*

For the respondent there was a brief by *Harvey & Harvey* of Racine, and oral argument by *R. G. Harvey.*

FRITZ, J.   The tract of fifty acres of land involved herein was duly platted by owners thereof in 1929.   The land was located in the town of Mount Pleasant, three miles from the limits of the city of Racine, and the plat was approved by the town officials of Mount Pleasant on February 3, 1930, and by the city officials of Racine on January 7, 1930.   It divided the land into sixteen blocks, with a total of two hundred sixty-nine lots.   Eight of the blocks, including block No. 12, abutted on the north side of Durand avenue, an existing and used public highway.   The plat also showed ten other platted streets, one of which, called Indiana street, extended north from Durand avenue on the east line of block No. 12.   Prior to the filing of the petition herein, five platted lots fronting on Durand avenue were sold to two purchasers, and in September, 1929, Craig purchased lot No. 12 in block No. 12.   That lot had a frontage of forty feet on the west side of Indiana street, and its south and north lines were, respectively, one hundred seventy-nine and forty-six one-hundredths and two hundred nineteen and forty-six one-hundredths feet north of Durand avenue. None of the streets shown on the plat was ever graded, worked, or used for highway purposes, excepting Durand avenue, and it does not appear that any order under sec. 80.38, Stats., was ever made by the town board of Mount Pleasant, declaring any of the platted streets located in the tract to be public highways.   But they had been staked out and Craig, who had been employed as a guide to assist in selling lots, was familiar with the proposed streets as staked, and had selected lot No. 12 in block No. 12 because of its favorable position.   The five other lots sold fronted on Durand avenue,

and the purchasers thereof did not object to the vacation of the plat.

Craig contends that the vacation proceedings are fatally defective because all owners of the land in the plat did not join in the petition to vacate. That was required under the statutes in effect until the enactment of ch. 60, Laws of 1885, which reduced the number required to only a majority of the proprietors. (*Warren v. Wausau,* 66 Wis. 206, 28 N. W. 187.) Subsequently, ch. 279, Laws of 1887, further changed that requirement so as to permit the vacation of a plat or any part thereof upon the petition of the proprietor of any part of any plat; and no more were required under secs. 236.13 and 236.14, Stats. 1933 (formerly secs. 2265, 2266), which have not been amended in that respect since 1887. As those statutes were in effect in their present form when the land was platted and also when Craig purchased his lot, they are imported, as a matter of law, into his contract of purchase; and, in the absence of any provision therein to the contrary, his rights as well as the relative rights and obligations of all others interested in the platted land, or any part thereof, are subject to all provisions in those statutes. That includes the manner and conditions under which the plat, or any part thereof, may be vacated, and the power and authority vested by the statutes in the circuit court to exercise jurisdiction in that respect. Consequently, as sec. 236.13, Stats. 1933, provides that ". . . upon the application of the proprietor or proprietors of any part of any such plat or of any lot therein, the circuit court may alter or vacate such plat or any part thereof, . . ." it was not necessary for all of the other owners to join in the Williams' petition; and the court was authorized to exercise its statutory authority and jurisdiction in that respect, upon the application of the petitioner, as a proprietor of but part of the plat.

Craig further contends that the plat could not be vacated without the consent of the municipalities, as well as his con-

sent as a lot owner, because (1) it had been approved and ratified by the officials of the town of Mount Pleasant and the city of Racine, and (2) he had selected and purchased his lot with knowledge of, and in reliance upon, the matters disclosed by the plat. Neither reason is sound. Whatever either Craig or the municipalities did in those respects was done with at least constructive knowledge on their part of the provisions in secs. 236.13 and 236.14, Stats. 1933; and, therefore, those provisions and the public policy indicated thereby control as to all concerned, regardless of principles of law and public policy which may be applicable, in the absence of such statutes, to the vacation of plats in other jurisdictions. There is no provision in secs. 236.13 and 236.14, Stats. 1933, prohibiting the exercise of the authority vested thereby in the circuit court merely because a plat sought to be vacated has been "approved" by town or city officials acting under sec. 236.07 or 236.08, Stats. 1933, respectively, or because some lots in the plat were purchased in reliance upon the plat. On the contrary, the only statutory limitation upon the court's authority to "alter or, vacate such plat or any part thereof" is that stated immediately after those words in the following exception clause, "except such parts thereof as have been dedicated to and accepted by the public for use as a street or highway or as streets or highways." That exception was inserted by ch. 471, Laws of 1911. In view of that exception, the power conferred by sec. 236.13, Stats. 1933, does not extend to the vacation of such parts of a plat as "have been dedicated to and accepted by the public for use as a street or highway." But, mere platted streets and highways are not within the terms of that exception unless, in addition to having been dedicated by an approved plat, they have also been "accepted by the public for use as a street or highway." Such an acceptance, as well as the proprietor's dedication, is required in order to render that exception

clause operative. Until a proprietor's dedication of a proposed street is accepted in the manner required by law, it is merely an offer which can be withdrawn at any time before acceptance. *McKenzie v. Haines,* 123 Wis. 557, 561, 102 N. W. 33. See also *Whitehead & Matheson Co. v. Jensen,* 203 Wis. 12, 233 N. W. 546. Consequently, mere dedication by the proprietor without acceptance by the public for use as a street does not give rise to that statutory exception. But the mere approval of a plat by the common council "is in no sense an acceptance of the street as a public highway." *Downend v. Kansas City,* 156 Mo. 60, 56 S. W. 902, 904, 51 L. R. A. 170; *Meiners v. City of St. Louis,* 130 Mo. 274, 284, 32 S. W. 637, 639; *Baldwin v. City of Springfield,* 141 Mo. 205, 212, 42 S. W. 717, 719. That is in accord with the following statement in *Mahler v. Brumder,* 92 Wis. 477, 482, 66 N. W. 502: ". . . The law is well settled that, to constitute a public street or highway by dedication, there must not only be an absolute dedication,—a setting apart and a surrender to the public use of the land by the proprietors,—but there must be an acceptance and a formal opening thereof by the proper authorities, or a user which is equivalent to such acceptance and opening. . . ." Those conclusions are likewise in turn in accord with the provisions in secs. 80.01 and 80.38, Stats., relating to the acceptance of streets or highways by a town either by opening and working the same for a specified period (sec. 80.01, Stats.); or if the streets are shown on a certified and recorded plat of land which is not within the limits of an incorporated village or city, by the town board making an order ". . . declaring such streets and alleys in such village or other plat as they may deem necessary for the public use to be public highways. . . ." (Sec. 80.38, Stats.) It follows that the mere platting and staking out of proposed streets by the proprietor of the plat and the approval thereof under secs. 236.07 and

236.08, Stats. 1933, by the city and town officers, without the specified opening and working thereof by the town, or the declaration by the town board that they are public highways, did not result in the public acceptance thereof for use as streets; and that, therefore, they are not excepted under the statutes empowering the court "to vacate such plat or any part thereof" in its discretion under secs. 236.13 and 236.14, Stats. In that material factual respect this case differs from the proceedings in *Petition of Hayes,* 139 Wis. 163, 120 N. W. 834 (decided before the exception clause was inserted in sec. 236.13, Stats., by ch. 471, Laws of 1911). In that proceeding vacation was sought of part of a street which had been widened and used pursuant to action by the common council. So, in that respect the proposed vacation was solely as to a part of a platted street which had been dedicated and accepted by the public for use as a street. That fact would have brought the case clearly within the exception clause enacted in 1911. In affirming an order denying the application, the court said: ". . . The statute [secs. 236.13, 236.14] on its face or by any reasonable construction of its language does not give the right to vacate streets in whole or in part." However, that was qualified by the further statement: "Nothing in this opinion is intended to deny the circuit court power to vacate streets which merely appear on the plat but have not been accepted." That power of the court, under secs. 236.13 and 236.14, "to vacate streets which merely appear on the plat but have not been accepted" has certainly not been curtailed by the exception clause enacted by ch. 471, Laws of 1911. On the contrary, that enactment, construed in the light of the maxim *"expressio unius est exclusio alterius,"* clearly indicates the legislative intention that the court's power to vacate a "plat or any part thereof" extended to all parts thereof, including those platted as streets, excepting only such as have been "accepted by the public for use as a street or highway." It follows that no error was com-

mitted in entering the judgment under review. The court, in the proper exercise of its discretion, duly recognized and preserved Craig's rights to an easement for the purpose of ingress and egress over the entire width of Indiana street as platted between all parts of his lot along that street and Durand avenue, even though Indiana street had neither been worked nor accepted by the public for use as a street. As his equities were given due consideration by the court, its judgment must be affirmed, excepting that, in accordance with a stipulation made on the hearing in this court, a clerical error in the judgment as entered may be corrected by the substitution of the word "Indiana" for the word "Kentucky" as the name of the street on which Craig's lot abuts.

*By the Court.*—Judgment modified as directed in the opinion; and affirmed as modified, with costs to respondent.