REYBURN *v.* GOODRICH.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—EVIDENCE.

Where facts set up in an affidavit of merits, filed in opposition to motion for summary judgment, could not be received in evidence, such affidavit would not prevent the entry of a summary judgment.

2. CONTRACTS—WRITTEN CONTRACTS—PAROL EVIDENCE.

The terms of a written agreement may not be altered by oral testimony of a simultaneous parol agreement in the absence of claim of fraud, mistake or ambiguity in the instrument.

3. BILLS AND NOTES—SUMMARY JUDGMENT—AUTHORITY TO SELL COLLATERAL—CONSIDERATION.

A promissory note containing clause providing obligee "with authority to sell" collateral deposited as security upon the nonpayment of the note when due does not require the obligee to sell the collateral upon default in payment and evidence that obligee agreed to sell the collateral upon default at maturity would be inadmissible in evidence in action on such written instrument in the absence of claim of fraud, mistake or ambiguity; hence trial court properly granted motion for summary judgment on such note notwithstanding obligor's affirmative defense in which it was alleged obligee negligently failed to sell pledged bank stock which had greatly depreciated in value at time action was commenced on theory agreement to sell was a part of the consideration.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 5, 1939. (Docket No. 67, Calendar No. 40,753.) Decided February 14, 1940.

Assumpsit by William D. Reyburn against Cyrus J. Goodrich on a promissory note. Set-off by de-

fendant against plaintiff for negligence in failing to sell collateral securing said note. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Andrew Cooke,* for plaintiff.

*N. A. Cobb,* for defendant.

McAllister, J. Plaintiff brought suit against defendant upon a promissory note alleging that there was then past due and unpaid on the note $2,250. To secure payment of the note defendant pledged certain collateral to which reference is made in the note in the following words:

"And have pledged Certificate No. 578, 80 shares, and Certificate No. 1040, 25 shares, of capital stock of Old-Merchants National Bank & Trust Company; together with all dividends on same of any nature whatsoever as collateral security for the payment of this note, with authority to sell same at public or private sale, without notice, upon the nonpayment of any of said obligations when due and to purchase at said sale."

Defendant answered plaintiff's declaration and therein sets forth that the collateral security given with the note was worth $4,000 and upwards at the time the note matured; that it was of little or no value at the time suit was commenced; and by way of set-off defendant alleged that the assignment of the bank stock to plaintiff as security for the loan was upon condition and agreement then made that at maturity of the note, if it was not paid, the collateral was to be sold and out of the proceeds plaintiff was to pay said note and remit the balance to defendant; and defendant alleges that because of plaintiff's failure to use diligence in selling and disposing of the bank stock as agreed, defendant suf-

fered a damage of $4,200 which, so far as necessary, should be used as a set-off against plaintiff's demand and judgment for any balance rendered in favor of defendant. This affirmative claim on the part of defendant was denied in plaintiff's reply to defendant's answer. On the above pleadings plaintiff made a motion for summary judgment, filing an affidavit in support thereof which stated the amount due and unpaid on the note in suit as of March 8, 1939, was $2,407.50. Defendant countered with an affidavit of merits in support of his affirmative defense. Upon hearing the circuit judge granted plaintiff's motion for summary judgment. Defendant has appealed.

Appellant asserts there was error in the holding of the trial judge that parol evidence was not admissible to show ''that there was other consideration than the receipt of the money recited, such as parol agreements on the part of the payee and that the writing did not contain all the contract relations between the parties.'' It is appellant's theory that notwithstanding plaintiff's alleged agreement to sell the pledged stock at the maturity of the note was not embodied in the written instrument, such agreement may be shown by parol evidence because it constitutes a part of the consideration for which defendant gave his note. In deciding plaintiff's motion for summary judgment, the circuit judge held:

''If said facts set up in the affidavit of merits were offered in evidence, they could not be received, for the reason that parol evidence is not admissible to vary the terms of a written instrument where there is no claim of fraud or mistake or ambiguity in the instrument.''

Our consideration of this case leads to the conclusion that defendant's contention, that parol evidence offered to show the actual consideration for defend-

ant's note is admissible, is not tenable. The parol testimony does more than show a further consideration than that recited in the written instrument. It conflicts with the terms of the written instrument in the following particular. It is defendant's contention that the parties agreed plaintiff would sell the collateral at the maturity of the note if it was not paid. But the note executed by defendant recites that the security was pledged ''with authority to sell same.'' There is a marked difference between depositing collateral ''with authority to sell same'' upon nonpayment of an obligation and depositing such collateral with an agreement that the obligee *shall* sell the collateral upon default in payment. It is elementary that the terms of a written agreement may not be altered by oral testimony of a simultaneous parol agreement.

Since no showing was made on the motion for summary judgment that defendant could or would establish by competent testimony that plaintiff had agreed to sell the collateral security if the note was not paid at maturity, defendant cannot hold plaintiff responsible for not having sold the stock on the theory that he was negligent in failing to do so. So far as the contractual relations of these parties appear in the particular under consideration, plaintiff was simply vested with the authority to sell. He was not obliged to do so. Therefore defendant cannot maintain a cross action upon the theory that plaintiff negligently failed to sell the pledged bank stock.

The judgment entered in the circuit court is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, Wiest, and Butzel, JJ., concurred.