KENDZIERSKI v. KENDZIERSKI.

1. CONTRACTS—WRITTEN CONTRACTS—PAROL EVIDENCE.
   The terms of a written land contract cannot be varied, added to, or altered by parol evidence.

2. SPECIFIC PERFORMANCE—ORAL AGREEMENT—EXCLUSION OF EVIDENCE—CONSIDERATION.
   In suit against estate of deceased woman for specific performance of an alleged oral contract that upon performance of certain conditions she would convey the vendor's interest in a land contract to plaintiffs, purchasers thereunder, exclusion of testimony of attorney who drafted the land contract, by which it was sought to show oral agreement had been made either prior to or simultaneously with land contract, was proper, notwithstanding fact that such testimony might have had a bearing upon the consideration for the written agreement.

3. APPEAL AND ERROR—SPECIFIC PERFORMANCE—SUBSEQUENT ORAL AGREEMENT—PLEADING—EVIDENCE.
   In suit for specific performance of an alleged oral agreement that upon performance of certain conditions the holder of the vendor's interest in a written land contract would leave such interest to her son and his wife, purchasers thereunder and plaintiffs herein, plaintiffs were not entitled to reversal of decree for defendant estate where, notwithstanding allegation of a subsequent oral contract, there was no specific offer to prove one.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 26, 1942. (Docket No. 87, Calendar No. 41,774.) Decided March 17, 1942. Rehearing denied May 18, 1942.

Bill by John Kendzierski and wife against Frank Kendzierski, special administrator, and Marguerite Montgomery, administratrix, of the estate of Mary Kendzierski, deceased, to obtain specific performance of an alleged oral contract to convey the vendor's interest in a land contract. Bill dismissed. Plaintiffs appeal. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

---

Parol evidence of consideration, see 1 Restatement, Contracts, § 240 (2).

*Harry J. Lippman,* for defendants.

North, J. By this suit in chancery plaintiffs sought to obtain specific performance of an alleged oral contract wherein Mary Kendzierski, now dedeceased, agreed with plaintiffs that in consideration of their performing certain conditions Mrs. Mary Kendzierski at her death would leave to plaintiffs her vendor's interest in a certain land contract in which plaintiffs were vendees. Herein we refer to the estate of Mary Kendzierski as defendant. Upon trial of the case for the purpose of proving the alleged oral contract plaintiffs sought to introduce the testimony of Frank M. Lemke, an attorney; but for reasons hereinafter stated the trial judge sustained defendant's objections to the proffered testimony. At the close of plaintiffs' proofs the trial court held that the alleged contract had not been established, and a decree was entered dismissing the bill of complaint. Plaintiffs have appealed. The only question presented by their brief is this: Did the circuit judge err in excluding the testimony of plaintiffs' witness, Frank M. Lemke?

This case has already been before us on a former appeal. See *Kendzierski* v. *Kendzierski,* 293 Mich. 701. The facts and circumstances which constitute the background of the case are fully stated in our former decision; and hence there is no occasion for restating them.

The land contract was prepared by Attorney Frank M. Lemke and at the time of its execution all three parties to the contract were present in the attorney's office. It is a fair inference from the record that plaintiffs sought to prove by the excluded testimony of this attorney the alleged oral agreement. The undisputed testimony of this witness is that at the time he was acting as the attorney "for

all three.'' Counsel for the defendant estate objected to the testimony of the witness on the ground that it pertained to a privileged communication and also on the ground that it was equally within the knowledge of the deceased.* The attitude of the trial court is disclosed by the following ruling:

"I will hold for the time being, or sustain the objection—that Mr. Lemke was the agent of Mrs. Kendzierski; that he is barred not on the question of privilege but under the statute having to do with matters equally within the knowledge of the deceased. * * *

"My ruling thus far is intended to bar any testimony relative to a conversation that took place between the four parties, including Mr. Lemke, *at that time and place stated.*"

Shortly subsequent to the above rulings counsel for the defendant estate added the following objection:

"I want to add two more reasons to the prior objection so that they will be all on the record in addition to those already stated. The question as to communications is also objectionable for the reason that it is an attempt to vary by parol the terms of a written instrument, and for the further reason that all prior verbal communications were merged in the writing."

In their bill of complaint plaintiffs allege: "that *at the time this contract was executed* Mary Kendzierski, who is the mother of John Kendzierski, entered into an oral agreement with" plaintiffs. Each of the questions to which the trial judge sustained defendant's objection pertained to statements made or an agreement entered into either simul-

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).— REPORTER.

taneously with the execution of the land contract or prior thereto. The ruling excluding such testimony was proper. To have held otherwise would clearly have violated the elementary rule that the terms of a written contract cannot be varied by parol evidence. See *M. Rumely & Co.* v. *Emmons,* 85 Mich. 511; *Reyburn* v. *Goodrich,* 292 Mich. 91. In the paragraph of the bill of complaint next following that from which the above quotation is made, plaintiffs did allege a subsequent oral agreement between them and Mary Kendzierski; but no testimony was offered tending to sustain such allegation.

After the trial court had repeatedly ruled as hereinbefore noted, and upon a subsequent adjourned day of the hearing, appellants' counsel urged the trial court to reconsider and reverse the ruling. This the court refused to do; and thereupon appellants' counsel stated to the court: "Well, in view of the ruling of the court, we will decline to go any further with the case." Thereafter there followed discussion between the court and counsel as to the admissibility in evidence of the land contract, which was offered by defendant's counsel. Incident to such discussion plaintiffs' counsel said:

"I don't know why this instrument (the land contract) is being offered at this time in view of the fact that you have barred Mr. Lemke's testimony and in view of the fact, as I said, there were more discussions in Mr. Lemke's office between these three people at the time this agreement was signed, and subsequent to that. It has nothing to do with this instrument."

So far as we can ascertain from this record the only time plaintiffs' counsel intimated to the court that Mr. Lemke's testimony might also cover a "subsequent" agreement is that contained in the

last above quotation; and we think it falls far short of a reasonably plain offer to produce testimony of a subsequent oral agreement. Not only have plaintiffs failed to allege in their bill of complaint that there was a *subsequent* oral agreement to which the proffered testimony pertained, but they utterly failed to make a specific offer to prove any such subsequent oral agreement. Since, so far as disclosed by the record, plaintiffs' counsel did not make a reasonably clear and definite offer in the trial court to prove an oral agreement entered into *subsequently* to the making of the written contract, he is not entitled to reversal in this Court on the assumption that he might have established such subsequent oral agreement by competent testimony.

For the purpose of decision herein it may be assumed that the reason the court gave for the ruling made, *i. e.*, that testimony concerning matters equally within the knowledge of the deceased by a witness who was the agent or attorney for all parties to the transaction was inadmissible, was not sound. See *Hynes* v. *Halstead*, 282 Mich. 627. Nonetheless, since it was an attempt by parol evidence to vary the terms of the written land contract, the ruling was correct and there was no reversible error. *H. H. King Flour Mills Co.* v. *Bay City Baking Co.*, 240 Mich. 79; *Goldman* v. *Railway Co.*, 287 Mich. 289.

And further, it may be noted that notwithstanding the proffered testimony might have had a bearing upon the consideration for the written agreement, still the rule prevails that the terms of the written agreement cannot be varied, added to, or altered by parol evidence. *Kay* v. *Miller*, 235 Mich. 304. The contention of appellants, that the testimony of Mr. Lemke was admissible for the purpose of showing consideration, and its exclusion was error, cannot be sustained.

The decree entered in the circuit court dismissing plaintiffs' bill of complaint is affirmed. Costs to be taxed against appellants.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.