ABBATE *v.* SHELDEN LAND CO.

1. VENDOR AND PURCHASER—RESCISSION—WAIVER OF RESTRICTIONS.
   In suit for rescission of the purchase of four business lots, restricted as to cost and construction of building to be erected thereon, because of vacation of portion of plat containing the lots, plaintiffs *held,* not to have waived restrictions where it appears the lots were purchased as an investment and plaintiffs notified defendant corporate vendor by letter they would not consent to or join with it in changing restrictions.

2. EVIDENCE—WRITTEN CONTRACTS—PRELIMINARY VERBAL AGREEMENTS.
   Where parties have reduced their agreements to writing, all preliminary verbal agreements are merged therein and the writing is the sole evidence of the contract between the parties.

3. SAME—AGREEMENT PARTIALLY REDUCED TO WRITING.
   Writings between the parties are not the sole evidence of the agreement between the parties when those writings are entered into in pursuance and execution of the agreement and evidence only a part of the agreement.

Effect of partial integration on parol evidence rule, see 1 Restatement, Contracts, § 239.
When a breach is material, see 1 Restatement, Contracts, § 275.

4. VENDOR AND PURCHASER—RESCISSION—EVIDENCE OF REPRESENTATION—VARYING WRITTEN CONTRACT.

Evidence of alleged representation of vendor that adjacent plats in a mile square were to be developed in a certain respect was not admissible, in suit to rescind contract which contained clause that ''no claim shall be made against vendors or any other person based on any representation or agreement not herein contained'' but did not contain therein or by reference any mention of any other subdivision, to vary the terms of the written contract, but was admissible to show that the writings between the parties were only a part of the agreement.

5. SAME—REPRESENTATIONS AS TO FUTURE CONDUCT—FRAUD—FAILURE OF CONSIDERATION—RESCISSION.

Representations by vendor as to future development of adjacent plats of land, if made, that were not shown to have been dishonestly made or made for purpose of defrauding purchasers *held,* not such a failure of consideration for purchase of restricted business lots in a residential area as to entitle plaintiffs to rescission.

6. MUNICIPAL CORPORATIONS—VACATION OF PLATS—STATUTES.

A corporate proprietor of a subdivision has a lawful right to vacate the plat pursuant to pertinent statutory provisions (3 Comp. Laws 1929, § 13256 *et seq.*).

7. SAME—VACATION OF PART OF PLAT—FAILURE OF CONSIDERATION —RESCISSION.

The vacation of a part of a plat in which plaintiffs had purchased four restricted business lots, by which alley in rear of lots, but not the temporary restriction as to cost and construction, was vacated, did not constitute a failure of consideration entitling purchasers to rescission of purchase, since they knew when buying the lots that legal proceedings could be taken to vacate all or any part of the plat (3 Comp. Laws 1929, § 13256 *et seq.*).

8. CONTRACTS—PARTIAL NONCOMPLIANCE—ABANDONMENT BY OTHER PARTY.

Not every partial failure to comply with the terms of a contract by one party entitles the other party to abandon the contract at once.

9. COVENANTS—VIOLATION OF BUILDING RESTRICTIONS—DAMAGES— FAILURE OF CONSIDERATION—RESCISSION.

Vendor's construction of three income-type bungalows on lots restricted to business use in violation of temporary restric-

tions as to cost and construction of buildings thereon, while entitling purchasers to damages, if any, would not constitute such a substantial failure of consideration as to warrant rescission of the contract.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 15, 1942. (Docket No. 81, Calendar No. 42,108.) Decided December 23, 1942.

Bill by Samuel Abbate and Theresa C. Abbate against Shelden Land Company for rescission of a land contract, for return of sums paid thereon, and for other relief. Decree for plaintiffs. Defendant appeals. Reversed.

*John P. O'Hara (John P. O'Hara, Jr.,* of counsel), for plaintiffs.

*James G. McHenry,* for defendant.

SHARPE, J. Plaintiffs filed a bill of complaint in the circuit court of Wayne county for the cancellation and rescission of the purchase of four lots with refund of the purchase money and interest from the date of sale with a lien on the premises until repayment.

On August 14, 1926, plaintiffs entered into a written agreement with Shelden Land Company, defendant, for the purchase of lots 280, 281, 282, and 283 Rosedale Gardens Subdivision No. 2 in Livonia township, Wayne county, Michigan. The agreed price was $1,200 for each lot. The purchase price was paid by the transfer by plaintiffs of certain real estate they owned in Detroit. On August 19, 1926, plaintiffs received a warranty deed of the lots in question. The land contracts contained restrictions covering the lots in Rosedale Gardens Subdivision No. 2. These restrictions were not written into

plaintiffs' deed, but reference was made to a so-called ''master deed'' in which the identical restrictions as contained in the land contract were set forth. The lots purchased by plaintiffs were designated business lots; and there were restrictions as to the cost and construction of buildings to be erected thereon. The lots purchased by plaintiffs were each 20 feet wide and 100 feet deep. They faced on Merriman road, also known as McKinney road and Imperial highway.

In November, 1936, defendant company wrote plaintiffs requesting them to join in an arrangement to change the restrictions along Merriman road including the lots purchased by plaintiffs from business to residential lots. Plaintiffs declined to join in such a movement and notified defendant company that they would insist upon the original plan being maintained. Unknown to plaintiffs, defendant company in February or March, 1937, filed a petition in the circuit court of Wayne county for the vacation of a portion of the plat of Rosedale Gardens Subdivision No. 2. In March of the same year, the court vacated that part of the plat of Rosedale Gardens Subdivision No. 2 which constituted the business property along Merriman road including the lots sold to plaintiffs. The residential area of this subdivision was not affected. By other proceedings defendant company secured the vacation of the plats of business property for a distance of approximately one mile along Merriman road. Plaintiffs did not learn about the vacation of plat No. 2 affecting the business property until about two years after the same was vacated. After the plat was vacated, defendant company built three income type bungalows on Merriman road.

On June 19, 1939, plaintiffs gave defendant company notice of their intention to rescind the pur-

chase of the lots and tendered a deed of the lots. Defendant company refused to accept the deed and the instant suit was commenced. The trial court did not write an opinion or make a finding of facts except as may be found in the decree entered in favor of plaintiffs wherein it was ordered that the purchase of the lots be cancelled and rescinded; and that defendant company pay to plaintiffs the sum of $4,800 with interest at five per cent. from the date of purchase. Defendant company appeals.

It has been stipulated that all provisions required by law for the vacation of plats have been followed in vacating Rosedale Gardens Subdivision No. 2 and there is no showing of any irregularity in any of the other vacation proceedings. It is urged by defendant company that the restrictions on Merriman road where the four lots are situated were abandoned and waived by grantee and grantor.

We are unable to find any conduct upon the part of plaintiffs that would indicate a waiver of any of the restrictions. The record shows quite the contrary. The lots were purchased as an investment. In January, 1937, plaintiffs notified defendant company by letter that they would not consent to nor join with defendant company in making any change in the restrictions.

The paramount question involved in this case may be stated as follows: Are plaintiffs entitled to rescission? It is urged by plaintiffs that the nonperformance of the represented plan for development of the mile square of subdivisions and the vacation of the plat as to plaintiffs' lots with the abrogation of restrictions constituted failure of consideration; and that the failure of consideration entitled plaintiffs to rescind.

Plaintiffs rely upon *Labadie v. Boehle,* 288 Mich. 223, in support of their contention that parol evi-

dence was properly introduced to show that plaintiffs purchased the four business lots upon defendant's statements and representations that the mile square was to be developed and that all lots were to be residential lots except certain lots facing on the outside roads bounding the mile square section.

In the *Labadie Case, supra,* Mrs. Labadie purchased land known as Subdivision No. 1 which was between two other subdivisions. Lots had been sold on contracts restricted to high-grade residences in Subdivision No. 1 and the subdivision to the north of it. After the sale to Mrs. Labadie, the two plats on the north and south of Mrs. Labadie's property were vacated and all restrictions cancelled. Mrs. Labadie had purchased the property on condition that the subdivisions to the north and south of the property she purchased would be continued as high-grade subdivisions. The court found (p. 231) that

" 'Under the circumstances a case is presented therefore where Mr. Boehle agreed as a part of the consideration of the transaction that so far as he was concerned he would continue to protect that entire 160-acre tract as a high-grade subdivision and that it would continue to be a uniform real estate development, uniform in restrictions and layout with the Subdivision No. 1 which she was purchasing.' "

Because of the above finding of fact, we there said (p. 230):

" 'It is the law of the State undoubtedly that where parties have reduced their agreements to writing that all preliminary verbal agreements are merged therein and the writing is the sole evidence of the contract between the parties. It also is the law of the State that writings between the parties are not the sole evidence of the agreement between the parties when those writings are entered into in

pursuance and execution of the agreement and evidence only a part of the agreement.

" 'Under the circumstances of this case it is clear that the latter rule applies.' "

In the above case there was a definite agreement that each subdivision in the group was a part of a unified scheme. "Mrs. Labadie laid down as a condition of her purchase that she must be assured of a continuance of the situation to the north and south of her property." She was assured that there was a definite intention to continue the high character of the whole development and that it was impossible to change the nature of the development because sales had been made under contracts that were enforceable by the purchasers, while in the case at bar there was no agreement that the plat or any part thereof would not be vacated. The contracts involved here provided for deed "which deed shall contain, or refer to a document on record containing all the conditions and restrictions contained in this contract" and "no claim shall be made against vendors or any other person based on any representation or agreement not herein contained." It is unquestioned that in the so-called "master deed," the covenants and restrictions refer to Rosedale Gardens Subdivision No. 2. No mention is made of any other subdivision. We must, therefore, hold that the *Labadie Case, supra,* is not controlling of the facts in the case at bar.

Plaintiffs were permitted to introduce evidence of a general plan of development. Such evidence was not admissible to vary the terms of the written contract. See *Reyburn* v. *Goodrich,* 292 Mich. 91, and *Kendzierski* v. *Kendzierski,* 301 Mich. 190, but was admissible to show that the writings between the parties were only a part of the agreement. See *La-*

*badie Case, supra.* One of the difficulties with plaintiffs' case is that the representations as to future development were not statements of existing facts, but at the most were promises of future plans. There is no evidence that such statements were made dishonestly or for the purpose of defrauding plaintiffs. Assuming that such statements were made, they do not denote such a failure of consideration as would entitle plaintiffs to rescind the contracts.

It is next urged by plaintiffs that the vacation of the plat as to plaintiffs' lots and the abrogation of the restrictions constituted a failure of consideration. It is to be noted that all five of the plats including the plat of Rosedale Gardens Subdivision No. 2 were recorded between August 15, 1925, and April 22, 1926; that the land contracts for the four lots in question were executed August 14, 1926; that at the time the contracts were made, the provisions for vacation of plats as appearing in 1 Comp. Laws 1915, §§ 3353–3356, were in effect; that these provisions were subsequently repealed by 3 Comp. Laws 1929, § 13277 (Stat. Ann. § 26.510), and that the present plat act, 3 Comp. Laws 1929, § 13198 *et seq.* (Stat. Ann. § 26.431 *et seq.*), became effective August 28, 1929. It is stipulated that the proceedings for the vacation of part of the plat were regular and in compliance with the statutory requirements. We must hold that defendant company had a lawful right to vacate the plat. Does such an act on the part of defendant company give plaintiffs the right to rescission?

*In re Vacation of Plat of Garden City,* 221 Wis. 134 (266 N. W. 202), involved a direct appeal from the vacation of a plat. The court there said:

"As those statutes were in effect in their present form when the land was platted and also when Craig purchased his lot, they are imported, as a matter of

law, into his contract of purchase; and, in the absence of any provision therein to the contrary, his rights as well as the relative rights and obligations of all others interested in the platted land, or any part thereof, are subject to all provisions in those statutes. That includes the manner and conditions under which the plat, or any part thereof, may be vacated, and the power and authority vested by the statutes in the circuit court to exercise jurisdiction in that respect."

In the case at bar, plaintiffs knew when they purchased the four lots that legal proceedings could be taken to vacate all or any part of the plat.* The effect of vacating the plat was to cancel the description of property contained therein by lot and block number and to vacate that part of the alley at the back of the lots. It did not vacate the restrictions contained in the so-called master deed, which by agreement "shall be operative and in force until January 1, 1950." We are unable to say that the vacation of the plat by defendant company constituted a failure of consideration.

Defendant contends that when it built the three bungalows on Merriman road it did not breach the restrictions requiring business use. We are not in accord with this contention. The construction of these buildings was in violation of restriction A which provides that lots abutting on McKinney road, also called Imperial highway and Merriman road, "shall be considered business lots." Restriction C provides that upon business lots buildings "may be constructed only for Christian church, school, apartment house or business purposes." In considering the effect of this violation upon plaintiffs' right to rescind the contract, the rule to be followed in the case at bar is well stated in *Rosenthal* v. *Triangle*

---

* See 3 Comp. Laws 1929, § 13256 *et seq.* (Stat. Ann. § 26.489 *et seq.*—REPORTER.

*Development Co.*, 261 Mich. 462, where we quoted the following from 6 R. C. L. p. 926 with approval:

" 'It is not every partial failure to comply with the terms of a contract by one party which will entitle the other party to abandon the contract at once.' "

We also held in that case that plaintiff might resort to an action for damages, if any.

In the case at bar, there is no element of fraud to be considered. There is only the bare violation of the restriction agreement by the construction of the three bungalows. In our opinion this does not constitute such a substantial failure of consideration as will warrant the contract being rescinded, although in an appropriate action there may be an element of damages to be considered.

The decree of the circuit court is reversed and the bill dismissed, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.